MARY DOLLAN *vs.* JANE DOLLAN.[1] No. 00-P-1907. July 22, 2002. *Abuse Prevention. Protective Order. Words,* "Abuse."

The plaintiff applied for an ex parte abuse prevention order, pursuant to G. L. c. 209A, against her mother, the defendant, which was issued on June 7, 2000. After a hearing on June 16, 2000, the order was extended for one year.[2] The defendant appealed, contending that there was insufficient evidence to justify the issuance of the restraining order. We agree.

1. *Factual background.* The order was sought after the defendant had contacted the Lynn police department and requested that they contact the plaintiff. The police had in turn contacted the plaintiff and informed her that the defendant was concerned and wanted the plaintiff to contact her family. In her affidavit accompanying her application, the plaintiff, then twenty-nine years old, alleged that the defendant was "one of [her] abusers from [her] early childhood and teenage years," that physical, sexual, and emotional abuse had been involved, and that the defendant's attempts to contact her caused her emotional distress. She further feared that the defendant would try to "coerce" her back into living with the defendant "in a very abusive environment." The plaintiff and defendant had not been in contact for four years.

2. *Statutory background.* General Laws c. 209A allows a person suffering from abuse from a family or household member to file a complaint requesting protection from that abuse. G. L. c. 209A, § 3. A chapter 209A proceeding is a civil rather than a criminal proceeding. *Frizado* v. *Frizado*, 420 Mass. 592, 596 n.3 (1995). However, an order issued pursuant to G. L. c. 209A can have criminal penalties. *Jones* v. *Gallagher*, 54 Mass. App. Ct. 883, 886 (2002). Thus, a c. 209A order can have serious civil and criminal consequences for a defendant.

"Abuse" is defined to include any of the following occurrences between family members: "(*a*) attempting to cause or causing physical harm; (*b*) placing another in fear of imminent serious physical harm; [or] (*c*) causing another

[1] The names are pseudonyms.

[2] Although the abuse prevention order expired on June 15, 2001, the defendant's appeal is not moot. The defendant could be adversely affected by the c. 209A order on her record in the event of a future application for a c. 209A order or in bail proceedings. See *Frizado* v. *Frizado*, 420 Mass. 592, 593-594 (1995); *Wooldridge* v. *Hickey*, 45 Mass. App. Ct. 637, 638 (1998). She has a continuing interest in establishing that the order was not lawfully issued. See *ibid.*

to engage involuntarily in sexual relations by force, threat or duress." G. L. c. 209A, § 1. Here, the judge appears to have based the issuance of the order on part (b) of the definition. In deciding whether to issue such a c. 209A order, a judge must consider carefully whether serious physical harm is imminent. *Smith* v. *Joyce*, 421 Mass. 520, 523 n.1 (1995). "Generalized apprehension, nervousness, feeling aggravated or hassled, i.e., psychological distress from vexing but nonphysical intercourse, when there is no threat of imminent serious physical harm, does not rise to the level of fear of imminent serious physical harm." *Wooldridge* v. *Hickey*, 45 Mass. App. Ct. 637, 639 (1998), citing *Larkin* v. *Ayer Div. of the Dist. Ct. Dept.*, 425 Mass. 1020 (1997). We also read the Legislature's language in § 1 ("attempting," "placing," and "causing") as revealing an intent to limit the definition of abuse to the present tense. See *United States* v. *Wilson*, 503 U.S. 329, 333 (1992) ("Congress' use of a verb tense is significant in construing statutes"). Language in § 3 also suggests that c. 209A was designed to allow persons presently "suffering" from abuse to seek relief. Therefore, we conclude that G. L. c. 209A, § 1(b), focuses on preventing imminent serious physical harm, not merely responding to past abuse.

3. *Discussion.* The defendant's conduct immediately preceding the issuance of the order, calling the Lynn police department, cannot reasonably be said to have placed the plaintiff in fear of "imminent serious physical harm." G. L. c. 209A, § 1(b). To the extent there was past abuse, it allegedly took place when the plaintiff was a child or teenager. The plaintiff failed to present any evidence that the abuse might resume if the c. 209A order was not issued. Furthermore, the plaintiff's fear that the defendant might try to "coerce" her into living with the defendant is the kind of "generalized apprehension" that the courts have refused to recognize as abuse under G. L. c. 209A. See *Wooldridge* v. *Hickey, supra.*

The issuance of this c. 209A order on allegations of past abuse alone, without a fear of imminent physical harm, was inconsistent with the language of G. L. c. 209A. We thus conclude that there was no evidentiary basis on which to have issued the c. 209A order.

*Order vacated.*

*Matthew S. Robinowitz* for the plaintiff.