The defendant appeals from an order entered September 2, 2016, denying her third motion for a new hearing (styled as a "motion for new trial"), seeking to vacate an extended abuse prevention order issued after a hearing on July 19, 2012, pursuant to G. L. c. 209A (order). She now argues that the judge committed six errors: (1) service of the order was invalid; (2) she was denied a full hearing on the merits, thus violating her due process rights; (3) the judge failed to confirm the (non)existence of a purported Pennsylvania protective order; (4) the judge misapplied the standard of proof in issuing the order; (5) extending the order without the defendant present was error; and (6) extending the order for five years was improper as it exceeded the one-year maximum permitted under G. L. c. 209A, § 3, for the initial order after notice. We affirm, although we note that extending the order for five years at the first hearing after notice was error. However, as we explain, infra, that issue is now moot.
Background. On June 21, 2012, an ex parte order issued in the Somerville Division of the District Court Department against the defendant (a Pennsylvania resident), ordering her not to abuse the plaintiff, and to stay 110 yards away from her person, residence, and workplace. The plaintiff alleged in her affidavit in support of the complaint, that the defendant, her mother, had been physically and verbally abusive throughout the plaintiff's high school years; in addition, she alleged that the defendant had made repeated efforts to contact the plaintiff-efforts that had accelerated recently, despite the plaintiff's efforts to avoid her.[2]
A hearing after notice was scheduled for July 5, 2012, and, because of uncertainty about whether the defendant had received notice of the temporary order, the hearing was then continued for service until July 19, 2012; the order was extended until that day.[3]
At the July 19 hearing, which was the first hearing where actual notice to the defendant was established to the satisfaction of the judge, the defendant was not present. Based on the plaintiff's testimony-that the defendant had received notice of the order prior to that hearing[4] -the judge extended the order for five years (until July 19, 2017). On July 23, 2012, the York County, Pennsylvania, sheriff's office personally served notice on the defendant at her home and, on July 24, 2012, filed a return of service with the Massachusetts court.
On August 27, 2012, and again on October 21, 2013, the defendant's "new trial" motions seeking to vacate the order were each denied after hearing.[5] On August 19, 2016, the defendant filed the motion at issue in this case; this was her third "new trial" motion, again seeking to vacate the order. She claimed that the service of the order was improper, that a transcript of the July 19, 2012, extension hearing was unavailable; and that the plaintiff had failed to establish personal jurisdiction. She also requested a new hearing on the original complaint. After a hearing, the judge denied the motion, observing that "[t]here have already been [two] hearings, with both parties, on [defendant]'s motion to vacate. Both motions were denied. This motion is also denied." The defendant timely appealed.
Discussion. In order to obtain an extension of an abuse prevention order, a plaintiff must prove "by a preponderance of the evidence that an extension of the order is necessary to protect her from the likelihood of 'abuse' as defined in G. L. c. 209A, § 1." Iamele v. Asselin, 444 Mass. 734, 739 (2005). Specifically, in this case, the question is "whether [the] plaintiff has a reasonable fear of 'imminent serious physical harm.' " Id. at 739-740, quoting from G. L. c. 209A, § 1(b ), as appearing in St. 1990, c. 403, § 2. Compare Callahan v. Callahan, 85 Mass. App. Ct. 369, 373 (2014) (discussing other bases for establishing abuse, not at issue here). "The standard for obtaining an extension of an abuse prevention order is the same as for an initial order." MacDonald v. Caruso, 467 Mass. 382, 386 (2014).
1. Service. After issuing a 209A order, the court is charged with transmitting the order to the appropriate law enforcement agency to serve on the defendant. See G. L. c. 209A, § 7. In this case, the court sent appropriate notice. "Personal service of the order ... is not required provided the following due process considerations have been met: namely, the defendant has received notice of the proceedings, has been given an opportunity to be heard at a meaningful time and place, and has received fair notice of what the order prohibits so that the defendant may act accordingly." Commonwealth v. Welch, 58 Mass. App. Ct. 408, 409 (2003).
As the plaintiff testified, and the judge presumably found credible, the Pennsylvania county sheriff had notified the defendant by telephone of the existence of the initial order at some point prior to the July 19, 2012, hearing after notice. Also before that hearing, the plaintiff's father, the defendant's former husband, personally gave the defendant a copy of the order. We are therefore persuaded that the defendant received timely notice of the July 19, 2012, hearing prior to that hearing. As a result, there was no due process violation in extending the order. See Commonwealth v. Melton, 77 Mass. App. Ct. 552, 556 (2010).
2. Full hearing. The defendant was provided with a meaningful opportunity to appear and to be heard regarding the order. Contrast C.O. v. M.M., 442 Mass. 648, 656-657 (2004). First, while the defendant did not appear at the July 19, 2012, hearing after notice, the judge found that she had actual knowledge of the existing order and the hearing. She therefore waived her right to be heard on that day. Second, on August 27, 2012, represented by counsel, the defendant did appear at a hearing on her motion seeking to vacate the order. The judge heard testimony from each party, and asked questions, particularly of the plaintiff, on the issue of abuse. He also heard argument from both parties, and, at the end of the hearing, denied the motion to vacate, apparently finding the plaintiff's testimony credible.[6] Thereafter, at an October 21, 2013, hearing on the defendant's second motion to vacate (the defendant appearing pro se), a different judge denied the motion, observing that "[t]here's nothing here in any new evidence to suggest that the restraining order should be vacated."
At the hearing at issue here, on September 2, 2016, the defendant (appearing pro se) argued her third motion to vacate the order. In denying the motion, the judge found, after a hearing, that "[t]here have already been two hearings with both parties present on Defendant's Motions to Vacate. Both of those motions were denied. I think you've had ample opportunity to state your case in these matters."[7] We agree, seeing neither an abuse of discretion nor other error in the judge's denial of the third motion to vacate. See L.L. v. Commonwealth, 470 Mass. 169, 185 n.27 (2014).
3. Pennsylvania protective order. The defendant has failed to present evidence establishing that the judge "declined" to conduct, or should have conducted, a search of the Statewide domestic violence record keeping system (a statutory duty) before he considered issuing the initial order which, she argues, would have informed the judge of the "(non)existence" of an "out-of-State protection order" claimed by the plaintiff to exist at the time of filing her complaint. See G. L. c. 209A, § 7. First, the record does not contain any such claim. The box checked on the plaintiff's complaint did not indicate that there was an existing protective order in another jurisdiction, but, rather, that there was a "prior or pending court action[ ]" for "abuse prevention." In checking the box, the plaintiff indicated that in June, 2010, there was a criminal harassment case (listing the docket number) between the parties. The defendant herself states that this was not a protective order.[8] Because the plaintiff made no claim of a pending Pennsylvania protective order, there was nothing to be disproved even if the Massachusetts Statewide domestic violence registry would somehow confirm or deny the existence of a Pennsylvania protection order.
4. Standard for issuing order. The proper standard was applied in issuing the order. The defendant argues that the order was based on past abuse (alleged to have occurred in 2007) and that the plaintiff's fear of resuming a mother-daughter relationship is the type of "generalized apprehension" dismissed in Dollan v. Dollan, 55 Mass. App. Ct. 905, 906 (2002), where this court said, "Language in § 3 also suggests that c. 209A was designed to allow persons presently 'suffering' from abuse to seek relief." Ibid. The defendant's reliance on Dollan is misplaced.
First, here, although the plaintiff did testify as to past abuse, that was not the sole basis for issuing the order. As recited in the plaintiff's affidavit accompanying her June 21, 2012, complaint, the defendant had contacted the plaintiff's employer the previous day, had harassed her the previous month at her graduation, and had continued to make attempts to contact her through social media. As a result, the plaintiff testified that she was at that time afraid of physical harm from her mother and the judge found her credible. That testimony was sufficient to support issuing the order. See Ginsberg v. Blacker, 67 Mass. App. Ct. 139, 143 (2006).
Second, at least as to this third motion, a defendant's motion to vacate an order "is not a motion to reconsider the entry of a final order, and does not provide an opportunity for a defendant to challenge the underlying basis for the order or to obtain relief from errors correctable on appeal." MacDonald, 467 Mass. at 388. "Therefore, a defendant bringing such a motion bears the burden of proving a significant change in circumstances since the entry of the order that justifies termination of the order."Ibid. Here, as at the second motion hearing in 2013, the defendant failed to provide any additional evidence to justify vacating the order.
5. Issuance of the order without defendant present. Despite the defendant's absence from the July 19, 2012, hearing after notice, the order was extended. At that hearing, the judge determined, based on the plaintiff's testimony, that the defendant had actual knowledge of the existing order, despite the fact that she may not have been served "officially" by the county sheriff. That finding was sufficient to support extending the order, given all of the evidence, and, for that reason, the defendant's due process rights were preserved despite her absence. Cf. Melton, 77 Mass. App. Ct. at 556, quoting from Commonwealth v. Griffen, 444 Mass. 1004, 1005 (2005) ("[F]ailure of service is not fatal to a conviction" for violation of 209A order).
6. Extending the order for five years at the first hearing after notice. "To obtain an extension of the initial order, [the plaintiff] must make the same showing, i.e., that he or she has the same reasonable fear at the time the extension is sought." Smith v. Jones, 75 Mass. App. Ct. 540, 544 (2009). Here, however, the defendant claims that the order should be vacated because the extended order exceeds what she describes as a one-year maximum allowed under § 3.
The defendant is correct that the order should not have been extended for more than one year at the time of the first hearing after notice, although a five-year extension would have been permissible at any later hearing, if the judge found that such an extension was appropriate. General Laws c. 209A, § 3, as appearing in St. 1990, c. 403, § 3, provides that, at the hearing after notice, "[a]ny relief granted by the court shall be for a fixed period of time not to exceed one year." Thereafter, however, "[i]f the plaintiff appears at the court at the date and time the order is to expire, the court shall determine whether or not to extend the order for any additional time reasonably necessary to protect the plaintiff or to enter a permanent order." G. L. c. 209A, § 3. See Smith, 75 Mass. App. Ct. at 544 ("Moreover, when faced with an extension request, the judge is not limited to issuance of a permanent extension or none at all. The statute permits extensions for 'such additional time as [the judge] deems necessary to protect [the plaintiff] from abuse,' G. L. c. 209A, § 3, ... thus leaving 'to the discretion of the judge the time period of any extension of an initial abuse prevention order.' Crenshaw v. Macklin, 430 Mass. 633, 636 [2000]." [Emphasis supplied.] ).[9]
In this case, the defendant did not raise this objection at the time of any of her three hearings, or thereafter, at any time during the five-year period that the order was in effect; as a result, that issue is waived and is now moot.[10]
Order entered September 2, 2016, affirmed.

Specifically, in March, 2011, the defendant had been found guilty in Pennsylvania of harassing the plaintiff after showing up in places the defendant knew the plaintiff would be; earlier, she had attacked the plaintiff in public. In May, 2012, the defendant appeared at the plaintiff's college graduation and began yelling at the plaintiff from the stands, causing her to leave the ceremony early. On June 20, 2012, the defendant called the plaintiff's place of employment, "questioning [a] coworker about the company's address [and] confirming that [the plaintiff] worked there." The plaintiff alleged that "[i]n the past few months, I have received multiple requests from [the defendant] on various social media websites, as well as numerous calls, voicemails [and] emails. I am truly scared, given her recent escalated attempts [and] history. She has threatened my life before [and] I am terrified that her mental state has deteriorated so much that she will stop at nothing to have contact with me."

The defendant does not challenge the court's jurisdiction over her, as a Pennsylvania resident. See Caplan v. Donovan, 450 Mass. 463, 463-464 (2008), where the court "conclude[d] that a court may issue such an order of prevention and protection even without personal jurisdiction over the defendant."

The plaintiff testified that the county sheriff was "able to reach [the defendant] on the phone and really tell her about [the order], but she wouldn't give the[m] an address to serve it to. So last time I was here my dad was with me and they said that if my dad could physically hand it to [the defendant], that would probably be good enough, and he was able to do that and she read it and gave it back to him.... But we can't figure out where she lives. So she's seen it and she's heard about it but she won't-... won't accept it officially."

On August 31, 2013, the defendant also filed a motion to "revise or revoke" the August 27, 2012, denial of her first motion; that motion was set for hearing on September 27, 2013; the defendant later withdrew the motion before hearing.

The defendant did not ask to cross-examine the plaintiff or object in any way to the conduct of that hearing.

In response, the defendant argued further that "[a]t no point have I ever seen any evidence, has any witness stepped forward, nothing, nothing. If I had just one hospital report, one police report, one anything to respond to, but at no point. There is no transcript. There is nothing available. I have been falsely accused of crimes that I have not been proven to see." The judge replied that "[t]he proof is that your daughter testified under oath that that was the case and a judge believed her. That's the proof."

At the August 27, 2012, hearing on the defendant's motion for new trial, she presented the court with the police report relating to the Pennsylvania criminal harassment case.

Ex parte, or "temporary" orders without notice should be continued for no more than ten court business days. See G. L. c. 209A, § 4, as appearing in St. 1990, c. 403, § 4, which provides, in full:
"If the plaintiff demonstrates a substantial likelihood of immediate danger of abuse, the court may enter such temporary relief orders without notice as it deems necessary to protect the plaintiff from abuse and shall immediately thereafter notify the defendant that the temporary orders have been issued. The court shall give the defendant an opportunity to be heard on the question of continuing the temporary order and of granting other relief as requested by the plaintiff no later than ten court business days after such orders are entered."

To the extent the defendant raises other issues here, we have considered them and find them to be without merit.