The defendant appeals a District Court judge's order, entered after a hearing on December 15, 2017, extending for one year (and with one modification) an ex parte G. L. c. 209A abuse prevention order entered against him two weeks earlier. We conclude that the evidence did not support the extension order, which therefore must be vacated.
The plaintiff, L.L., is the mother of R.L., who has a child (J.M.) with the defendant. R.L. and the defendant are not married. The plaintiff's affidavit in support of her G. L. c. 209A complaint stated that on December 1, 2017, the defendant was released from serving one year of incarceration for a domestic violence offense against R.L.; the affidavit stated that this was the defendant's third offense. The Department of Children and Families (department) was involved, and L.L. was serving as a foster parent for her grandson, J.M.
The plaintiff's complaint alleged that one year earlier, in December, 2016, the defendant had placed her "in fear of imminent serious physical harm." In the accompanying affidavit, she stated that she had "previously received threatening texts and unexpected visits at [her] home," and that she feared for the safety of her family.[2] She added that the defendant had a history of substance use and violence. At the ex parte hearing, no additional evidence regarding the basis for the plaintiff's fear was offered.
At the extension hearing, the plaintiff testified that the defendant had previously abused the plaintiff's daughter, and that the plaintiff feared similar abuse against her and her family. The plaintiff testified that her most recent contact with the defendant had been a year earlier, on December 8, 2016, when the defendant had texted her to say that her daughter had been missing for two days. The judge characterized this as "pretty ancient history." The defendant had also told the plaintiff at about that same time that her grandson (the defendant's son) "was going to be going away"; the plaintiff did not recall whether she had asked the defendant what he meant by "going away," but she testified that she had felt threatened by the statement. She had not sought a c. 209A order at that time because the defendant was arrested the next day for assault and battery on a household member (the plaintiff's daughter, the child's mother).[3] There was no allegation that the child witnessed the domestic violence, or had been threatened or assaulted in the past. The plaintiff acknowledged that, since the defendant had been released from incarceration on December 1, 2017, he had not come to her home or workplace or made any threats against her or her grandson (his son).[4] Nor did she testify to any contact with or threats to her own son.
The judge nevertheless found that the plaintiff was "in fear not only for herself but for her grandchild," based on the defendant's "history of domestic violence which I can take notice of, which I do, so I am going to extend the order."[5]
At an extension hearing, the burden is on the plaintiff to show by a preponderance of the evidence that extension of the order is warranted. Callahan v. Callahan, 85 Mass. App. Ct. 369, 372 (2014). Although "abuse" includes "placing another in fear of imminent serious physical harm," G. L. c. 209A, § 1, "[g]eneralized apprehension" does not justify an order. Wooldridge v. Hickey, 45 Mass. App. Ct. 637, 639 (1998). See Carroll v. Kartell, 56 Mass. App. Ct. 83, 86 (2002) (subjective and unspecified fear is insufficient). "The judge must focus on whether serious physical harm is imminent ...." Wooldridge, 45 Mass. App. Ct. at 639. See Dollan v. Dollan, 55 Mass. App. Ct. 905, 906 (2002). Any fear of such harm must be reasonable. See Commonwealth v. Gordon, 407 Mass. 340, 349 (1990).
Here, although we do not doubt that the plaintiff felt fear, the evidence did not support any implicit finding that she reasonably feared imminent serious physical harm to herself. Nor may this extension order be upheld on the basis of any threat the defendant posed to the plaintiff's grandson (i.e., the defendant's son).[6] Before issuing a c. 209A order requiring a defendant to stay away from his own minor child, a judge must consider the defendant's relationship with that child "apart from the plaintiff's request that the defendant stay away from her"; the order must have "independent support." Smith v. Joyce, 421 Mass. 520, 523 (1995). Moreover, "in a court other than the Probate and Family Court, if the judge orders the defendant to stay away from or to have no contact with the defendant's minor children for more than a 10-day period, the judge should make ... findings of fact that explain for the record the reason for the order." Guidelines for Judicial Practice: Abuse Prevention Proceedings § 6:00 (2011). To the extent that such separate consideration occurred here, the judge concluded, without objection from the plaintiff, that the order should be modified to permit the defendant to have department-supervised visitation with his son. See note 4, supra. There were no findings that the defendant posed any threat of abuse to his son.[7]
Accordingly, and notwithstanding its scheduled expiration on December 14, 2018, the extension order entered on December 15, 2017, is vacated, and the District Court is to direct the appropriate law enforcement agency to destroy all record of that order. See Wooldridge, 45 Mass. App. Ct. at 638.
So ordered.
Vacated.

The plaintiff's complaint sought an order protecting her grandson J.M., as well as her own minor child, N.L. We understand the plaintiff's references to her family in this context to refer to J.M. and N.L., but not to the plaintiff's daughter, who evidently was living separately and had sought her own restraining order against the defendant. The initial order obtained by the plaintiff required the defendant to stay away from and have no contact with either J.M. or N.L.

Evidence submitted at the hearing indicated that the defendant had dragged R.L. by the hair and that she had bruises on her forearms.

The defendant also testified at the extension hearing, stating that, since his release from incarceration, he had not been to the plaintiff's home or workplace and had not communicated with her.

The defendant had testified that the department allowed him to have supervised visits with his son, but that the order was preventing him from doing so. The defendant asked that, if the order was not terminated, it be modified to allow such visitation. The judge modified the order as requested.

Past violence towards a minor child may warrant an order protecting that child, even while the defendant is incarcerated. See Callahan, 85 Mass. App. Ct. at 370-373. But there had been no such violence here. Also, abuse of a parent, even when not directed at that parent's minor child, will support an order protecting the child if he or she resides with the abused parent. See Schechter v. Schechter, 88 Mass. App. Ct. 239, 250-252 (2015). But here, although the defendant had previously abused the child's mother (R.L.), the latter did not live with the child at the time the order was sought.

We recognize the difficulties faced by a motion judge when a self-represented plaintiff seeks a c. 209A order. It may be that further questioning could have better illuminated the underlying facts, such as what the defendant might have meant by his statement to the plaintiff, one year earlier, that her grandson (the defendant's son) "was going to be going away."