NOTICE:  All slip opinions and orders are subject to formal
revision and are superseded by the advance sheets and bound
volumes of the Official Reports.  If you find a typographical
error or other formal error, please notify the Reporter of
Decisions, Supreme Judicial Court, John Adams Courthouse, 1
Pemberton Square, Suite 2500, Boston, MA, 02108-1750; (617) 557-
1030; SJCReporter@sjc.state.ma.us

19-P-192                                      Appeals Court

YAHNA Y.  vs.  SYLVESTER S.[1]

No. 19-P-192.

Middlesex.      December 11, 2019. - March 17, 2020.

Present:  Massing, Henry, & McDonough, JJ.

Abuse Prevention.  Protective Order.

Complaint for protection from abuse filed in the Concord
Division of the District Court Department on December 10, 2018.

The case was heard by Lynn C. Brendemuehl, J., and a motion
to extend the abuse prevention order was also heard by her.

Robert H. D'Auria for the defendant.
Mark W. Helwig for the plaintiff.

MASSING, J.  This appeal concerns the showing necessary to

obtain a protective order under G. L. c. 209A based on the third

statutory definition of "abuse."  See G. L. c. 209A, § 1 (c)

("causing another to engage involuntarily in sexual relations by

force, threat or duress").  The defendant, Sylvester S., appeals

_____

[1] The parties' names are pseudonyms.

from an abuse prevention order requiring him to stay away from the plaintiff, Yahna Y., and from the college campus where she was a first-year student at the time the order was issued.[2]  We affirm.

Background.  "We review the issuance of an order pursuant to G. L. c. 209A for an abuse of discretion or other error of law."  E.C.O. v. Compton, 464 Mass. 558, 561-562 (2013).  "We accord the credibility determinations of the judge who 'heard the testimony of the parties . . . [and] observed their demeanor' . . . the utmost deference."  Ginsberg v. Blacker, 67 Mass. App. Ct. 139, 140 n.3 (2006), quoting Pike v. Maguire, 47 Mass. App. Ct. 929, 929 (1999).  The plaintiff's testimony at the hearing after notice, which the judge credited, was as follows.

The plaintiff and the defendant are first cousins (their fathers are brothers); the defendant is one or two years older than the plaintiff.  For a period of approximately two years, when the plaintiff was in the sixth and seventh grades, the defendant sexually abused her.  He asked her to masturbate in

---

[2] The defendant purports to appeal from both the ex parte order issued on December 10, 2018, and from the one-year extension of the order issued at the conclusion of the hearing after notice on December 21, 2018.  The defendant has no right to challenge the ex parte order on appeal because it was superseded by the order after notice.  See C.R.S. v. J.M.S., 92 Mass. App. Ct. 561, 564-565 (2017).  Accordingly, we focus exclusively on the latter.

front of him, and he masturbated in front of her. He touched her breasts and her genitals and "would pull out his penis" when they were alone. At "cousin sleepovers" he would try to get into bed with her after everyone fell asleep. Because the defendant "completely instructed [her] not to tell anyone and not to tell [her] parents," the plaintiff endured at least ten such incidents. The plaintiff finally reported the abuse to her parents just before she entered the eighth grade.

After telling her parents, the plaintiff began seeing a mental health therapist, and she had been in therapy ever since. She missed thirty days of school during the eighth grade, went to school late nearly every day, showered three times a day, and could not look in the mirror. Meanwhile, the family intervened and kept the plaintiff away from the defendant, except for one meeting at their grandmother's funeral, where the defendant, who was then sixteen or seventeen, approached the then fifteen year old plaintiff despite having been told to leave her alone.

The plaintiff began attending the University of Massachusetts-Amherst (UMass-Amherst) in August 2018. She lived on campus. On September 23, 2018, the defendant, who was not a student at UMass-Amherst, approached the plaintiff in a dining hall. The sight of him made her freeze, then flee. She no longer felt safe on campus and returned home for a week. She was unable to sleep. Her father spoke to his brother and

requested that the defendant stay away from the plaintiff and from UMass-Amherst.

Nonetheless, on December 9, 2018, the defendant called the plaintiff on her telephone, then sent a number of "disturbing" text messages. In the first text message, the defendant asked the plaintiff to talk "to make things better between us," stating that he did not want to involve his parents. When the plaintiff did not respond, the defendant fired off a series of text messages, the first complaining that she had told her parents: "[G]reat job [Yahna] really mature of you . . . I've had patience this is a fucking joke. I'm done." The defendant followed with six short text messages demanding that the plaintiff respond to him. The plaintiff sought a c. 209A protective order the next day.

Discussion. Under G. L. c. 209A, § 3, a person "suffering from abuse" by a "family or household member" may initiate an action "requesting protection from such abuse" in the form of a court order requiring the defendant to refrain from abusing or contacting the victim, among other remedies. "Abuse" is defined by the statute as "the occurrence of one or more of the following acts between family or household members: (a) attempting to cause or causing physical harm; (b) placing another in fear of imminent serious physical harm; [or] (c)

causing another to engage involuntarily in sexual relations by force, threat or duress."  G. L. c. 209A, § 1.

The plaintiff alleged abuse under both the second and third definitions.  To obtain an abuse prevention order based on an allegation of abuse under § 1 (b), the plaintiff must satisfy a subjective and an objective standard:  she must show both that she is currently in fear of imminent serious physical harm, and that her fear is reasonable.  See Iamele v. Asselin, 444 Mass. 734, 737 (2005); Dollan v. Dollan, 55 Mass. App. Ct. 905, 906 (2002).  "Generalized apprehension, nervousness, feeling aggravated or hassled, i.e., psychological distress from vexing but nonphysical intercourse, when there is no threat of imminent serious physical harm, does not rise to the level of fear of imminent serious physical harm." Wooldridge v. Hickey, 45 Mass. App. Ct. 637, 639 (1998).  We require the plaintiff to prove reasonable fear of imminent harm because § 1 (b) is intended to prevent future harm rather than to address past abuse.  See Dollan, supra.

Under § 1 (c), a plaintiff may also seek protection from a person who abused her in the past by forcing[3] her to engage in

---

[3] The term "force," as used in § 1 (c), includes constructive force, which is sufficient to prove the crimes of rape, G. L. c. 265, § 22, and forcible rape of a child, G. L. c. 265, § 22A.  See M.G. v. G.A., 94 Mass. App. Ct. 139, 142-143 (2018); Commonwealth v. Armstrong, 73 Mass. App. Ct. 245, 255 (2008).

sexual acts against her will.  With respect to protection from past physical abuse under § 1 (a), we have held that a plaintiff does not need to prove a reasonable fear of imminent future physical abuse to obtain relief.  See McIsaac v. Porter, 90 Mass. App. Ct. 730, 733-734 (2016); Callahan v. Callahan, 85 Mass. App. Ct. 369, 373-374 (2014).  Rather, when a plaintiff has suffered physical abuse, a judge may reasonably conclude that a c. 209A order is necessary "because the damage resulting from that physical harm affects the victim even when further physical attack is not reasonably imminent."  Callahan, supra at 374 (affirming extension of abuse prevention order against incarcerated defendant based on past physical abuse of plaintiff).

For the same reason, the same rule applies to allegations of sexual abuse under § 1 (c):  because the plaintiff seeks protection from the effects of past sexual abuse, she need not allege a fear of imminent future sexual abuse.  See Iamele, 444 Mass. at 740 n.3 (if plaintiff, not in fear of imminent serious physical harm, "were suffering from attempted or actual physical abuse, see G. L. c. 209A, § 1 [a], or involuntary sexual relations, see G. L. c. 209A, § 1 [c], there is no question that an extension should be granted").

The evidence permitted the judge to find that the defendant had sexually abused the plaintiff in the past, that the

plaintiff was "still 'suffering from' that abuse," and "that [she] reasonably remain[ed] in fear of the abuser." McIsaac, 90 Mass. App. Ct. at 733-734, quoting G. L. c. 209A, § 3.[4] The judge credited the plaintiff's testimony that the defendant sexually abused her when she was in the sixth and seventh grades, that she was traumatized by the abuse she endured, and that the defendant's reappearance immediately after she left home for college reopened her feelings of fear, vulnerability, and helplessness. Despite the family's attempt to intervene, the defendant aggressively pursued the plaintiff. The judge could reasonably conclude that the damage from the defendant's past sexual abuse still affected the plaintiff and that an order was necessary to protect her from the impact of that abuse, even if the evidence did not show that another sexual assault or other physical harm was imminent.

Order entered December 21, 2018, affirmed.

---

[4] The judge noted that the plaintiff alleged prior sexual abuse and found that "[r]ecent contact by [the defendant] via text, appearing at U Mass Amherst etc. has caused [the plaintiff] to be placed in fear. Court credits plaintiff's testimony." The judge also found that the "plaintiff remains in fear of imminent serious physical harm." Because we conclude that the judge properly issued the order to prevent abuse under § 1 (c), we need not address the judge's findings of abuse under § 1 (b).