NOTICE: Summary decisions issued by the Appeals Court pursuant to M.A.C. Rule 23.0, as appearing in 97 Mass. App. Ct. 1017 (2020) (formerly known as rule 1:28, as amended by 73 Mass. App. Ct. 1001 [2009]), are primarily directed to the parties and, therefore, may not fully address the facts of the case or the panel's decisional rationale. Moreover, such decisions are not circulated to the entire court and, therefore, represent only the views of the panel that decided the case. A summary decision pursuant to rule 23.0 or rule 1:28 issued after February 25, 2008, may be cited for its persuasive value but, because of the limitations noted above, not as binding precedent. See Chace v. Curran, 71 Mass. App. Ct. 258, 260 n.4 (2008).

COMMONWEALTH OF MASSACHUSETTS

APPEALS COURT

23-P-1391

B.C.

vs.

M.A.

MEMORANDUM AND ORDER PURSUANT TO RULE 23.0

The defendant appeals from the extension of an abuse prevention order issued pursuant to G. L. c. 209A, § 3 (209A order). On appeal, the defendant claims that there was insufficient evidence of "abuse," as defined by G. L. c. 209A, § 1 (b) ("placing another in fear of imminent serious physical harm"), to support the extension order. We affirm.

Discussion. We review the extension of a 209A order "for an abuse of discretion or other error of law." Constance C. v. Raymond R., 101 Mass. App. Ct. 390, 394 (2022), quoting E.C.O. v. Compton, 464 Mass. 558, 562 (2013). The standard for extending a 209A order is the same as for issuing the initial order: "the plaintiff will need to show a reasonable fear of

imminent serious physical harm at the time that relief . . . is sought." MacDonald v. Caruso, 467 Mass. 382, 386 (2014), quoting Iamele v. Asselin, 444 Mass. 734, 735 (2005).  To meet that standard, the plaintiff must satisfy both a subjective and an objective standard:  that she was currently in fear of imminent serious physical harm, and that her fear was reasonable.  See Iamele, supra at 737; Yahna Y. v. Sylvester S., 97 Mass. App. Ct. 184, 186 (2020).  The plaintiff has the burden of proof by a preponderance of the evidence.  Vanna V. v. Tanner T., 102 Mass. App. Ct. 549, 552 (2023).  In considering whether the plaintiff met her burden, we accord "the utmost deference" to the credibility determinations of the judge who "heard the testimony of the parties . . . [and] observed their demeanor" (citation omitted).  Noelle N. v. Frasier F., 97 Mass. App. Ct. 660, 664 (2020).

The defendant claims that the plaintiff failed to prove (1) that her fear was of serious physical harm that was "imminent," G. L. c. 209A, § 1 (b); and (2) that her fear was objectively "reasonable," Iamele, 444 Mass. at 737.  We consider each argument in turn.

First, as to whether the plaintiff's fear was of serious physical harm that was "imminent," the defendant asserts that, even if he abused the plaintiff in the past, the abuse was not

recent enough to give rise to a fear of imminent harm. Specifically, the defendant cites Dollan v. Dollan, 55 Mass. App. Ct. 905, 906 (2002), for the proposition that G. L. c. 209A, § 1 (b) "focuses on preventing imminent serious physical harm, not merely responding to past abuse," and that past abuse, without "evidence that the abuse might resume," is insufficient to support the extension of a 209A order. However, "subsequent case law developments circumscribe the continuing vitality of [Dollan]." Vanna V., 102 Mass. App. Ct. at 555. Dollan "cannot be construed in a 'rigid manner' that disregards or minimizes the significance of past abuse." Vanna V., supra, quoting Vittone v. Clairmont, 64 Mass. App. Ct. 479, 484 (2005). "To the contrary, prior abuse may 'serve as the necessary backdrop for reaching a proper understanding of more recent words and behavior as well as for assessing the reasonableness of an applicant's fear of imminent serious physical harm.'" Vanna V., supra, quoting Vittone, supra at 487. This court has recognized that "[t]he infliction of some wounds may be so traumatic that the passage of time alone does not mitigate the victim's fear of the perpetrator." Vittone, supra at 489. "[A] victim who still reasonably suffers fear based on past physical abuse may seek to extend a 209A order or to make it permanent." McIsaac v. Porter, 90 Mass. App. Ct. 730, 734 (2016).

Here, the plaintiff's supplemental affidavit alleges several instances of physical abuse inflicted by the defendant; the continued effects of such abuse,[1] including the plaintiff's onset of post-traumatic stress disorder; the defendant's monthly visits to Massachusetts for supervised child visitation; and the defendant's learning of the plaintiff's home address, which had previously been impounded by the Probate and Family Court. Moreover, the judge "credit[ed] the plaintiff's testimony . . . that [she is] truly in fear of serious bodily injury from the defendant," and found that "the history of abuse" between the parties supported the conclusion that such fear was reasonable. This evidence permitted the judge to find that "the plaintiff was still suffering from that [past] abuse, and that [she] reasonably remain[ed] in fear of [the defendant]" (quotations omitted). Yahna Y., 97 Mass. App. Ct. at 187, quoting McIsaac, 90 Mass. App. Ct. at 733-734. Accordingly, the judge did not commit an error of law or abuse her discretion in finding by a preponderance of the evidence that the plaintiff reasonably feared "imminent" physical harm.

---

[1] Representative allegations include, "[h]e hit be [sic] with a wooden kitchen spoon causing severe bruising to my hips and legs"; "[h]e threw me on the bed and hit me with a closed fist three times in the head"; "[h]e beat me causing bruises on my face and body"; and "[h]e punched me forcefully with a closed fist on my . . . left parietal lobe, causing long term medical issues."

4

Next, the defendant contends that the extension order should not have issued because the plaintiff showed only "generalized apprehension," rather than an objectively reasonable fear of imminent serious physical harm. In support of his position, the defendant cites Wooldridge v. Hickey, 45 Mass. App. Ct. 637, 639 (1998), which sets forth the principle that "[g]eneralized apprehension, nervousness, feeling aggravated or hassled, . . . when there is no threat of imminent serious physical harm, does not rise to the level of fear of imminent serious physical harm." In Wooldridge, we vacated a 209A order applying to the parties' children because "[t]he most that [the plaintiff] said about the children, other than that they were subjected to verbal harassment by [the defendant], is that [the defendant] 'has hit my son and grabs him when angry.'" Id. at 642. "Without further explanation, that statement was not evidence of abuse within the meaning of the statute." Id.

Here, unlike in Wooldridge, the plaintiff has alleged with specificity several instances of past physical abuse. See note 1, supra. This, together with the contentious, ongoing litigation between the parties, the alleged written communications made by the defendant to the plaintiff, despite a prohibitory court order, the defendant's monthly visits to Massachusetts for supervised child visitation, and the

5

defendant's learning of the plaintiff's impounded home address, provided a sufficient basis for the judge to conclude that the plaintiff's fear was objectively reasonable.  We discern no error of law or abuse of discretion in the judge's extension of the 209A order.

<u>Order entered September 14, 2023, affirmed</u>.

By the Court (Meade, Walsh & Smyth, JJ.[2]),

Clerk

Entered:  November 6, 2024.

---

[2] The panelists are listed in order of seniority.