M'BROOM, et al. *vs.* THE GOVERNOR, for use, &c.

*As to the evidence admissible under a replication taking an issue to the country—the plea improperly concluding with a verification.*

*As to the conclusiveness of a judgment between parties.*

1. Matters of evidence, which can not be *replied* as an estoppel, but which must be relied on, if at all, as evidence under an *issue*,—may properly be admitted under a replication, taking issue to the country, to a plea which improperly concludes with a verification.

2. The record of a judgment rendered upon proceedings by *sci. fa.* against sureties upon a writ of error bond, taken upon the removal to the Supreme Court of a particular cause; in which cause it was determined that a payment made to one as a deputy sheriff, by a defendant to the judgment, was a satisfaction of the same—held to be conclusive, in a suit brought by the plaintiff in such judgment against the sureties of the sheriff on his official bond, to recover the amount so paid to his deputy,—it appearing that notice was given to the defendants ; and that the sheriff's representative appeared and defended the suit in error : also that the deputy was one of the defendants in the suit by *sci. fa.*

3. In an action by a plaintiff in a judgment to recover of a sheriff's sureties, money received thereon by the sheriff's deputy,—notice to the sheriff's administrator, that in the event of a pending suit being determined against the plaintiff in the judgment, the estate of the sheriff would be held liable, held sufficient, without the production of the receipts signed by the deputy,—the sheriff, under such notice, appearing and defending the suit.

This case originated in an action of debt, prosecut-

ed in the Circuit Court of Madison County, in the
name of Samuel B. Moore, for the use of Francis E.
Rives, against Stephen McBroom, William Derrick,
Robert Walton, and Lewis Moore; and was found-
ed upon the official bond of William McBroom, as
sheriff of Madison County, and of which the defend-
ants were the sureties.

The declaration complained, "for that the defend-
ants, and one William McBroom, in his life time, who
died before the commencement of this action, hereto-
fore, to wit, on the fourth day of November, eighteen
hundred and twenty-two, in the county aforesaid, by
their certain writing obligatory, sealed with their
seals, and now here to the Court shewn, the date
whereof is the day and year last aforesaid, acknow-
ledged themselves to be held and firmly bound unto
Israel Pickens, Governor of the State of Alabama,
and his successors in office, in the penal sum of ten
thousand dollars, when demanded, to be paid to the
said Israel Pickens, Governor of the State aforesaid,
or his successors in office, when they, the said defend-
ants, and the said William McBroom, should be
thereunto afterwards requested; which said writing
obligatory was subject to a certain condition there
under written, whereby, after reciting to the effect
following, to wit,—' Whereas the above bound Wil-
liam McBroom, has been duly elected sheriff of the
said county of Madison, according to law,—the con-
dition of the above obligation was such, that if the
above bound William McBroom, did well, diligently,
and faithfully perform all the duties incumbent on
him, as required by law, in his said office as sheriff of

the county of Madison as aforesaid, then the said writing obligatory should be void.'"

The plaintiff averred, that the said William Mc-Broom did not well, diligently and faithfully perform all the duties incumbent on him, as required by law, as sheriff of the county of Madison aforesaid; but that the said William McBroom, in his life time, to wit, on the eigth day of April, eighteen hundred and twenty-three, and on divers other days and times, between that day and the twenty-fifth day of July last aforesaid, by virtue of his said office of sheriff of the county aforesaid, received by the hands of William Saunders, who was a deputy sheriff of, and under him, the said William McBroom, divers sums of money, and Tennessee Bank notes, amounting together, and in value, to a large sum of money, to wit, the sum of twenty-three hundred dollars, of and belonging to the said Francis E. Rives, which said sums of money, and Bank notes, were received by the said William, as aforesaid, of Walter Otey, on a writ of *fieri facias*, which issued from the office of the clerk of the County Court of Madison, bearing date the first day of March, eighteen hundred and twenty-three, and returnable on the fourth Monday of July, eighteen hundred and twenty-three, being in favor of the said Francis E. Rives, against the said Walter Otey and William Lewis, and directed to the sheriff of the said county of Madison: and that the said William McBroom, in his life time, wholly neglected and refused to pay the said sum of money last aforesaid, or any part thereof, to the said Francis E. Rives, contrary to the form and effect of the said condition of the said writing obligatory; by

means whereof the same became forfeited, and an action had accrued to the plaintiff, &c.

The defendants craved oyer of the bond and condition, and demurred; and subsequently, the following pleadings were filed, to wit:

First—" And the said defendants come and defend the wrong and injury, when, &c., and for plea, say *actio non*, because they say that said sum of money in said declaration mentioned, was not received by said William Saunders, by virtue of his official authority as deputy sheriff, and that the same never came into the possession of the said McBroom; and this they are ready to verify; wherefore they pray judgment," &c.

" General replication and issue."

Second—A plea that at the time of the reception of said money by said Saunders, the said McBroom was not sheriff of Madison County; to which there were also replication and issue.

Third—That at the time of the reception of said money, said plaintiff was a non-resident, and had no agent in the County of Madison to receive the same: also replication and issue.

Fourth—After oyer craved, of the writing obligatary, and the condition thereto, the plea, that defendants were only the sureties of the said McBroom, who was deceased; and relying upon the statute of non-claim: also replication and issue.

Upon this state of pleadings, a verdict and judgment were had for plaintiff, and by bill of exceptions the cause was removed here.

The bill of exceptions set forth the following facts: the plaintiff read to the jury the bond of Wil-

liam McBroom, and of the defendants, his sure-
ties, as declared upon, and by records proved, that
at July term, eighteen hundred and thirty-one, said
Rives recovered of Walter Otey, William Lewis,
Frederick Jones, Irby Jones, and Edwin Jones,
the sum of three thousand and ninety-one dol-
lars and fifty-nine cents, debt and damages, besides
costs: that Otey and Lewis brought error upon that
judgment, and gave bond with sureties to supersede
the execution: that in the appellate Court the judg-
ment was affirmed, and that execution issued there-
on, to the sheriff of the said County of Madison, and
returnable to the succeeding term of the said Coun-
ty Court: that this execution was endorsed by the
said William McBroom, as follows—" Received first
of March, eighteen hundred and twenty-three, Wm.
McBroom, sheriff;" and a return, in the hand-writ-
ing of William Saunders, in the following words—
" 'Taken up by writ of error, July twenty-fifth, eigh-
teen hundred and twenty-three—Wm. McBroom,
sh'ff, by his deputy, W. Saunders." That on the
twenty-fifth of July, eighteen hundred and twenty-
three, the said Otey sued out another writ of error to
the Supreme Court, and gave bond in error, with said
Saunders and Joseph Fenwick, as sureties: that the
judgment in the Supreme Court was affirmed, and
execution issued thereon, which was returned *nulla
bona.*

The plaintiff then read to the jury two receipts,
in the hand-writing of Saunders, as follows—"Rec'd
of Walter Otey, five hundred dollars, Tennessee
money, which is to be applied to an execution, F. E.
Rives vs. Walter Otey, &c.—April twenty-first,

eighteen hundred and twenty-three.—W. Saunders, D. S."—" Rec'd of Walter Otey, one thousand dollars, in Tennessee Bank notes, which is to be applied toward the payment of an execution, which Francis E. Rives obtained against said Walter Otey and William Lewis, in the County Court of Madison County—W. Saunders, D. S."

The plaintiff then proposed to prove by the records, that on the eighteenth of September, eighteen hundred and twenty-six, the said Rives sued out of the Circuit Court of Madison, a *scire facias* against said Saunders and Fenwick, sureties of the said Otey in the said writ of error bond, in order to have award of execution against them thereon: upon which *scire facias* he obtained judgment; which was subsequently taken to the Supreme Court on writ of error, and affirmed. That upon this proceeding, the said Fenwick relied upon the aforesaid payments to Saunders; and of all which, the said William Mc-Broom was notified—the service of the said notice having been made by the attorney of Rives.

The plaintiff also gave in evidence certain notices to the administrators of McBroom, and to the said defendants—part thereof being served by the sheriff; the object of which was to apprise them that the proceedings under the *scire facias* would be used in evidence against them in a future suit, in the event that it was determined that the aforesaid payments were properly made to the sheriff.

All these records, and proceedings under the *scire facias*, were admitted by the Court, notwithstanding the objection of the defendants.

The defendants then offered to give in evidence the

deposition of the said Saunders; which the Court rejected.

The Court instructed the jury, that the evidence offered by the plaintiff, as above set forth, was conclusive evidence of the fact that the amount of money mentioned in the aforesaid receipts, were payments to the said McBroom, as sheriff, on the aforesaid execution.

*McClung* and *Robertson* for pl'tiff—*Ormond,* contra·

HITCHCOCK, C. J.—This was an action of debt, in the name of the Governor, for the use of Rives, against the plaintiffs in error, on a bond, as securities of William McBroom, late sheriff of Madison County.

The declaration sets out the bond and condition, and assigns as a breach, that "the sheriff, by the hands of one William Saunders, his deputy, received divers sums of money and Tennessee Bank notes, amounting to twenty-three hundred dollars, belonging to said Rives, received by said deputy, under and by virtue of an execution in favor of said Rives, against one Otey, duly issued, &c.; which the said sheriff had wholly neglected and refused to pay over, &c.

The first plea of the defendants states, that "the said money was not received by the said William Saunders by virtue of his official authority, as deputy sheriff; and that the same never came into the possession of the said William McBroom; which they were ready to verify," &c.

To this plea there was a general replication and issue, in short; there was also a plea of the statute of

non-claim—McBroom, the sheriff, having died before the suit was brought.

At the trial, the plaintiff below, gave in evidence the records and proceedings in a suit of *sci. fa.* brought by Rives against Fenwick and Saunders, the securities of Otey, upon a writ of error bond, on a judgment affirmed in the Supreme Court, in the suit upon which the money had been collected by Saunders; in which it was decided that the payment by Otey, to Saunders, was *pro tanto*, a discharge of the judgment; and to convict the defendants with the suit, a notice to Mills, the administrator of William McBroom, was produced : also, two notices to the defendants in this suit, of the pendency of the same, and that if judgment should be rendered against said Rives, he would look to the defendants as securities of McBroom, for the amount collected by Saunders, his deputy. The notices to Mills, and one of the notices to the plaintiffs in error, were served by Samuel Pete, Esquire, Rives' attorney : the other notice to the plaintiffs in error, of a similar character, was served by the sheriff of Madison county. Proof was also given, shewing that Mills, the administrator, employed counsel and attended the trial of the suit on the *sci. fa.* The testimony of Samuel Pete was also admitted, who proved, " that within eighteen months after the grant of administration on the estate of William McBroom, in order to make demand of the administrator, so as to prevent the operation of the statute of non-claim, he gave to the administrator a verbal history of the matters involved in the proceedings on the *sci. fa.* against Saunders and Fenwick, stating to him, that if they (Saunders

4P       13

and Fenwick,) should succeed in establishing the payments, made by Otey to Saunders, as payments to said McBroom, that then Rives would look to the estate of McBroom for that amount: that he could not say that he mentioned the receipts given by Saunders, as deputy, for the money paid by Otey, particularly, or the sums they called for, or dates: that he did not present the receipts, they being then in the hands of Otey's securities, and did not present any written specification or memorandum of the demand, or facts constituting it; nor could he say that he informed the administrator that he was then making a presentment of the claim, or demand, to prevent the bar of the statute." Two receipts signed by Saunders, shewing the amount he had received of Otey on the judgment, were also read.

The whole of this evidence was excepted to by the defendants below; but the exceptions were overruled. The testimony of Saunders, the deputy, and who was one of the defendants in the suit on the *sci. fa.*, was offered by the plaintiffs in error, but which was rejected by the Court. There was a verdict and judgment for the plaintiff below, for the amount received by Saunders, with interest.

A bill of exceptions was taken at the trial presenting the above facts, and also stating sundry instructions of the Court, which were excepted to, and sundry instructions asked, which were refused. The Court held that the proceedings on the *sci. fa.*, coupled with the notices, were conclusive evidence to bind the sheriff and his securities, and that the evidence of Samuel Pete, as to the presentation of the claims, took the case out of the statute of non-claim,

M'BROOM, et al. *vs.* THE GOVERNOR, for use, &c.

and rejected all evidence by the defendants to controvert the conclusiveness of the liability of the defendants.

The case has been very fully argued here upon many points of much intricacy; only as many of which will be noticed as will be necessary to its determination.

1. The first inquiry proper to make, is, whether the testimony was proper under the issue.

The counsel for the plaintiffs in error contend, that if this evidence was proper to accomplish the objects of the defendant in error, it should have been pleaded specially, by way of *estoppel;* and that it could not be received under the pleadings as they stand.

The breach assigned a distinct cause of liability, to wit, the reception of money by the deputy in his official capacity, which had not been paid over; and the plea is a simple negation of the fact of its reception in that capacity. Now, according to all the well settled rules of pleading, this formed an issue of itself, and the plea might, and should have concluded to the country. That it concludes with a verification, which would have been cause of special demurrer, if our statute had not prohibited such a proceeding, does not alter the case. The replication properly concluded to the country, as the plea should have done,—the plaintiff below could not have replied specially the facts, by way of estoppel: they consisted of matters of record, and of matters *in pais.* Now, no instrument in writing, not under seal, or by parol, can be pleaded as an estoppel; and when such is the case,

Co.Lit.352 they must be relied upon as evidence under an issue.[*]
a; Comyns An estoppel must be complete in itself without the
Dig. estop
pel A, 76; aid of any thing in connexion with it. The doctrine
A 3, 79; 18
Johns.Rep of estoppel does not, therefore, apply to this case.
492

2. Exception was taken to the sufficiency of the service of the notice, by the sheriff.

Our statute declares, "that all notices in writing, which may be *necessary or proper* to be given, by either plaintiff or defendant, in *any suit*, either at common law or in Chancery, may be served by the sheriff of any county, and the return of the sheriff shall be good and sufficient in any Court of record in this State." This is a remedial statute, and should receive a liberal construction. To determine its application to this case, it will be necessary to ascertain whether the notices can have any legal effect upon the rights of the plaintiff; for the statute authorises all notices, that may be *necessary or proper*, to be served by the sheriff. The object of these notices was to bind the parties by the result of the suit against Saunders and Fenwick. If the judgment in that case could have no effect upon them, for that purpose, to enable the plaintiff to rely upon the record, either as *prima facie*, or conclusive evidence of their liability to him, then they were not such notices as the sheriff could serve; otherwise, they were, and this brings us to the principal point of the case, which is,

3. The effect of the judgment in the case against Fenwick and Saunders.

The plaintiffs in error contend, that they were neither parties nor privies to that suit: that they were not bound to defend it; and they state, as a promi-

nent reason, that they could not in that suit, have availed themselves of the benefit of the testimony. of Saunders, the deputy, he being a defendant to the suit : that they ought not now to be denied the opportunity of establishing the truth of the case, as stated in their plea.

To this it is replied, that the questions presented in the issue, by the pleadings in this suit, are identical with those in the other suit : that there must be an end at some time to litigation : that Rives, having a right to the money from some one, was authorised to notify all persons who were, or might become liable to him, to be present to protect their rights : that having done so in this case, he cannot now be compelled to submit his rights to a second trial ; that the securities of a sheriff are bound by the notice to their principal ; that a judgment which binds the principal, either directly or indirectly, binds, to the same extent, the securities, unless they can shew it was obtained by fraud or collusion; otherwise, the same question would be twice tried by different persons, who compose but one and the same party in interest : that if this point can be questioned, the case is put at rest by the notice to the sureties themselves, which, upon every principle, estops them from contesting the point again, when sued themselves.

In further illustration of this view of the case, it is maintained, that Rives' right of action against the present defendants does not depend upon the results of the action on the *sci. fa.* Both actions might have been brought at the same time, and the verdict on the *sci. fa.* might have been used immediately after it was recorded in the other suit. The trial of the

issue on the *sci. fa.* made it *conclusive* against the defendants in the present suit, and bound both parties to it. If it had been against Fenwick and Saunders, it would have also been conclusive in favor of the defendants below. If the trial of the suit against the defendants below had first come on, there would have been no evidence conclusive in its character against them, but all would have been open to contradiction ; but the trial of the issue in the suit on the *sci. fa.* determined the rights of all persons interested in it.

If this is not held to be the legal result, Rives, who, it is admitted, has an undoubted right to the money from some one, may be wholly defeated in his recovery, without any fault on his part. Having united with the present defendants below, to establish the right against Saunders and Fenwick, and they having failed there,—if they now are permitted to turn round, and with the aid of Saunders, deny that liability, Rives may be left wholly remediless— a consequence, which the principles of justice, and of law, cannot permit.

Many authorities have been read and referred to, on both sides ; a few only of which, will be noticed by the Court.

In the case of *Kip* vs *Brigham, et al.*—it was held, that a judgment against a sheriff for an escape, on a bond for the liberties of the jail, granted to a prisoner in execution, was *conclusive* evidence in a suit by the sheriff against the securities of the prisoner; they having received *notice* from the sheriff of the suit, and having aided in the defence. The same principle was again recognized in 7 *Johnson,* 168.

M'BROOM, et al. *vs.* THE GOVERNOR, for use, &c.

In the case of *Bender* vs *Fromberger*[v]—the same [v]4 Dallas, point was ruled on an action of covenant for land; so 436. also in 2 *Term R.* 316, and 2 *Marshall*, 304.

The same principle was recognized in this Court. in the case of *McBroom* vs *Somerville, et al.*[†]—where [†]2Stewart, it was held, that " a security on an injunction bond 515. could not go into the merits of the previous decree, rendered against his principal, nor of the original judgment at law, which had been enjoined; no fraud being alleged in the rendition of the decree."

The Court, in the opinion delivered, do not appear to place the decision upon any statute law of our State, as to injunction bonds; but upon the general principles applicable to bonds of indemnity, which, according to Pothier on Obligations,[‡] do not come [‡]Part 4,ch. within the rules of *res inter alios acta.* 3, sec. 3, n. 61.

On the part of the plaintiffs in error, the case of *Foxcroft, Treasurer, &c.* vs *Nevins, et al.*[§]—is cited. [§]4 Greenl. In this case, which was a bond given by a collector 72. of taxes, the condition was, that " he should collect all such rates as he should have *sufficient warrant* for, under the hands of the assessors, according to law." The action was against principal and securities. The collector made no defence, but made default, and the securities defended themselves upon the ground, that their principal never had any *sufficient warrant*, &c. The Court held, that the judgment by default against the principal, did not affect the securities. They say, that " the express language of the condition was, that the securities undertook for the fidelity of the principal, when he should be furnished with *legal authority*, necessary to the effectual discharge of his duty. This not having been done, the

Court could not extend their liability, by construction beyond the bounds by which it is expressly qualified limited in plain and explicit terms:" that, in consequence of the insufficiency of the authority of the collector, arising from the negligence of the town officers, in whose behalf the plaintiff prosecutes, no liability had attached. Had the authority of a legal warrant been produced, the case would have been otherwise. In that particular, this case is at once distinguishable from the case at bar.

In the case, *The State* vs *Davis*—on a recognizance for the good behavior of William Cobbet, the Court excluded the record of his conviction, on the ground, that no record of a *conviction* should be given in evidence, except in cases where the benefit was not *mutual.* No notice appears to have been given in that case to the securities, and the same may be said of the case of *Beal* vs *Beck, adm'r.*

In the case of *Dawes, Judge, &c.* vs *Shed, et al. Ex'rs.*—where sureties of executors were sued and the judgment against the executors was produced, the sureties were permitted to rely upon the statute of limitations, notwithstanding the executors had failed to plead it. This decision was put upon the ground, that the securities were not barred by a judgment, suffered *collusively,* or negligently, by the administrator. Here, too, was no notice to the securities.

In the case of *Roberts* vs *Smiley*—the Court admit the doctrine, so far as to permit the record to be used to *some extent*; but dissent from what they admit to be the doctrine of some of the American cases, as to its conclusiveness: Such a principle, they say,

"if carried out, would, in many cases, produce re-
sults highly unjust and reproachful to the adminis-
tration of the law." No authorities are cited ; no
general principle appears to have been laid down;
and the case of hardship, which is put as an illus-
tration of their view of the case, would come with-
in the principle of fraud and collusion. They sup-
pose a sale of a negro with warranty, and a sub-
sequent emancipation by the *vendee*, and suit by the
negro, against the vendee, to obtain his freedom,—
the vendee holding the negro against his own deed
of emancipation,—notice to the vendor, and a re-
covery by the negro. Here, say the Court, if the
record of freedom is conclusive, the vendor will be
held liable, though there has been no breach of his
warranty. The answer to this, is as before stated.
It would be fraud on the part of the vendee, and
collusion with the negro, which would protect the
vendor.

Without pursuing this inquiry farther, we are
satisfied, that upon principle and authority, the judg-
ment in this case, on the *sci. fa.*, with the notices
served upon the defendants below, and upon the ad-
ministrator, who appeared and assisted in prosecut-
ing the suit, are conclusive upon the rights of these
parties.

This view of the case, disposes of the objection to
the service of the notice by the sheriff, and renders it
unnecessary to advert to the effect, which it might
otherwise have had upon the service of the notice by
Pete, which was to the same effect. It also excludes
the necessity of deciding the questions raised upon

the admissibility of Saunders' testimony, and leaves but one point now for enquiry, which is,

4. The sufficiency of the presentation of the claim to Mills, the administrator of William McBroom, to prevent the operation of the statute of non-claim.

On this point, we think the notice sufficient.— The receipts, upon which the claim was founded, were not then in the hands, or under the control of Rives, or his attorney; all that he could be expected to do, was done, and it had the effect intended, to wit, to induce the administrator to assist in the defence. Until the rendition of the judgment on the *sci. fa.* it was uncertain; it then became an ascertained debt, and brings the case within the principles of the case of *Neil, use, &c.* vs. *Cunningham's Ex'rs.* The judgment must, therefore, be affirmed.

*2 Porter, 171.

HOPKINS, J. not sitting.