SUSAN B. RAUSEO *vs.* MICHAEL JOHN RAUSEO, THIRD. No. 98-P-2390. January 10, 2001. *Abuse Prevention. Protective Order. Practice, Civil,* Attorney's fees, Costs.

A judge of the Probate and Family Court extended a restraining order beyond the initial one-year period, and the defendant, Michael Rauseo, appeals. We affirm.

An initial application for an abuse prevention order under G. L. c. 209A was filed by the plaintiff in the Probate Court on April 17, 1997, at the same time that she filed a complaint for divorce. A judge of that court issued an abuse prevention order and scheduled a hearing for April 23, 1997. Both parties appeared, and the judge modified the order and extended it for one year. On May 15, 1997, the judge again modified the order. See *Commonwealth* v.

---

*Rauseo, ante* 699 (2001). One year later the order was extended for three weeks, by agreement of counsel, to May 14, 1998, and on that date it was extended for one day, and then again until June 12, 1998. On June 12, 1998, a hearing was conducted and following this hearing the probate judge extended the 209A order until June 11, 1999. It is from this June 12, 1998, order that the defendant appeals.

The Probate Court judge, who had both parties before him and could observe their demeanor, was entitled to credit the plaintiff's testimony that she continued to be extremely afraid of the defendant because of his pattern of physical abuse and threats that had led to the initial 209A order in the first place. Based on the evidence, the judge could reasonably have found that the defendant, since the issuance of the 209A order of April 23, 1997, continued to engage in conduct that perpetuated the plaintiff's fear of him. On June 27, 1997, the defendant appeared at the plaintiff's house at 10:30 P.M. and twice demanded to see the parties' minor son. He left after the plaintiff threatened to call the police. Based on that incident the defendant was found guilty of violating the 209A order. *Commonwealth* v. *Rauseo, supra* at 700. Twice the defendant refused to return the son to the plaintiff following visitation, and on one occasion would do so only after the plaintiff capitulated to a demand; on another, he tossed the sixteen month old son to the wife, yelling an obscenity. He threatened to take her son away if she failed to "cooperat[e]"; he has stated that she had better "cooperat[e]" or she would regret it. While she sat in the courthouse waiting for a hearing, the defendant crossed an empty hallway, walked into the plaintiff, and called her a jerk. Although the abuse prevention order requires the defendant to stay away from the wife's home, he has left packages for her to find on her door step. He has sent her flowers on two occasions. In the context of the parties' acrimonious divorce proceedings, and in light of the defendant's persistent efforts to have contact with the plaintiff although prohibited by the 209A order from doing so except as explicitly provided by the order, the sending of flowers was neither friendly nor benign, but could reasonably have been perceived as a hostile and threatening act. See, e.g., *Commonwealth* v. *Butler*, 40 Mass. App. Ct. 906 (1996).

These incidents, appropriately considered in the backdrop of the issuance of the original 209A order, warranted the judge in concluding that there was a continued need for the abuse prevention order. See *Pike* v. *Maguire*, 47 Mass. App. Ct. 929, 929-930 (1999). See also G. L. c. 209A, § 3, as amended by St. 1990, c. 403, § 3, which provides in pertinent part that "[t]he fact that abuse has not occurred during the pendency of an order shall not, in itself, constitute sufficient ground for denying or failing to extend the order . . . ." It was not error to extend the protective order. We note as well that the defendant took no appeal from the original order which issued on April 23, 1997, after notice to the defendant and an opportunity to be heard.

We turn to the plaintiff's request for her costs and attorney's fees on appeal, to which she claims entitlement pursuant to Mass.R.A.P. 25, as amended, 376 Mass. 949 (1976); G. L. c. 208, § 38; G. L. c. 211A, § 15; and G. L. c. 231, § 6F. Although G. L. c. 208, § 38, provides a basis for the allowance of attorney's fees pending an appeal of a divorce, *Nelon* v. *Nelon*, 329 Mass. 643 (1953); *Peterson* v. *Peterson*, 30 Mass. App: Ct. 932, 934 (1991), c. 208 provides no basis to award such fees in connection with an appeal of an order entered pursuant to c. 209A. This is because a complaint for a restraining

order under c. 209A is not a "proceeding under . . . chapter [208]," which governs actions for divorce. See G. L. c. 208, § 38.

We conclude, however, that the plaintiff is entitled to an award of fees and costs pursuant to Mass.R.A.P. 25, G. L. c. 211A, § 15, and G. L. c. 231, § 6F. See *Masterpiece Kitchen & Bath, Inc.* v. *Gordon,* 425 Mass. 325, 328-330 (1997). In light of established case law discussed above, and the unambiguous provisions of G. L. c. 209A, § 3, the defendant's claims — that there was no basis for the extension in the absence of evidence that the defendant had since the issuance of the initial 209A order been violent or "threatened [the plaintiff] with physical harm," and that the evidence that was submitted did not establish that he had placed his wife "in fear of imminent serious physical harm" — were "frivolous, immaterial or intended for delay," G. L. c. 211A, § 15. At a hearing on the plaintiff's request for an extension of an order issued after notice to the defendant and an opportunity to be heard, the plaintiff is not required to re-establish facts sufficient to support that initial grant of an abuse prevention order. *Pike* v. *Maguire, supra* at 929 (rejecting argument that, in order to grant extension, the judge was required to find that the defendant had committed acts enumerated in c. 209A justifying initial grant of order). See Commentary to § 6:08 of the Guidelines for Judicial Practice: Abuse Prevention Proceedings (June 1997). The wife may apply for an award of appellate attorney's fees and costs, conformably with the procedures set forth in *Yorke Mgmt.* v. *Castro,* 406 Mass. 17 (1989).

*Judgment affirmed.*

*Dana Alan Curhan* for Michael J. Rauseo, III.
*Donald G. Tye* for Susan B. Rauseo.