NOTICE:  Summary decisions issued by the Appeals Court pursuant to M.A.C. Rule 23.0, as appearing in 97 Mass. App. Ct. 1017 (2020) (formerly known as rule 1:28, as amended by 73 Mass. App. Ct. 1001 [2009]), are primarily directed to the parties and, therefore, may not fully address the facts of the case or the panel's decisional rationale.  Moreover, such decisions are not circulated to the entire court and, therefore, represent only the views of the panel that decided the case.  A summary decision pursuant to rule 23.0 or rule 1:28 issued after February 25, 2008, may be cited for its persuasive value but, because of the limitations noted above, not as binding precedent.  See Chace v. Curran, 71 Mass. App. Ct. 258, 260 n.4 (2008).

COMMONWEALTH OF MASSACHUSETTS

APPEALS COURT

23-P-607

E.G.

vs.

T.G.

MEMORANDUM AND ORDER PURSUANT TO RULE 23.0

The defendant, T.G., appeals from the extension of an abuse prevention order issued pursuant to G. L. c. 209A, § 3 (c. 209A order).  He argues that the plaintiff, E.G., failed to show by a preponderance of the evidence that an extension was warranted and that the judge erred by crediting the plaintiff's testimony against him.  We affirm.

Background.  On March 28, 2022, the plaintiff filed a complaint for an abuse prevention order against the defendant. In support of her complaint, the plaintiff provided an affidavit averring that the defendant had engaged in sexual assault and other violent conduct against her, and that she believed the defendant was stalking her and he would harm her if he was allowed to contact her.  The District Court judge issued a temporary c. 209A order that day.  That order was briefly

extended, and then extended again for one year following a hearing on April 11, 2022, at which both parties were present and represented by counsel.

Another extension hearing was held on April 11, 2023. Again, both parties appeared and were represented by counsel. The plaintiff testified that the parties were married for twelve years, have two children, and were divorced in 2019. There was ongoing litigation in the Probate and Family Court concerning a complaint for contempt and a complaint for modification filed by the plaintiff.

At the hearing, the plaintiff testified that she was "extremely fearful for [her] life" because of the defendant's stalking and harassing behavior. She testified that the defendant had physically harmed her when they were married, and that he had told their daughter, "We have eyes on you everywhere, and I will know what you are doing at all times." The plaintiff also testified that in February 2023, the defendant told their daughter about a sensitive behavioral incident involving one of the plaintiff's students. The plaintiff had not informed the defendant where she worked. In response to this disclosure, the plaintiff testified, officials at the plaintiff's workplace determined that "there was a link between [the defendant] and one of the van pool bus drivers who had been present for the incident." The inference drawn from

this disclosure was that the defendant had used a third party to engage in stalking behavior.  The plaintiff further testified that when she filed her complaint for modification in the Probate and Family Court, the defendant told their daughter that "[they] were poking the bear and if [they] didn't stop, [they] were going to get it, and [they] were going to get hurt."

The defendant did not testify at the April 11, 2023 extension hearing.  During cross-examination of the plaintiff, defense counsel introduced a judgment from the parties' Probate and Family Court proceedings.  The judge stated that the judgment "might be irrelevant, but I'll accept it [in] evidence . . . for what it's worth."  In the judgment, the Probate and Family Court judge found certain testimony by the defendant in that proceeding to be credible and certain testimony by the plaintiff to be not credible.  The defendant also sought to introduce testimony from the plaintiff's estranged brother about her "disposition to being untruthful," but the judge excluded that testimony as irrelevant.

At the conclusion of the hearing, the judge extended the abuse prevention order for a three-year period, until April 10, 2026.  The judge also increased to 100 yards the distance from which the defendant was ordered to stay away from the plaintiff.

Discussion.  On appeal, the defendant argues that there was insufficient evidence to justify the extension of the abuse prevention order.  We disagree.

We review the extension of a c. 209A order for an abuse of discretion or other error of law.  E.C.O. v. Compton, 464 Mass. 558, 562 (2013).  "[A] judge's discretionary decision constitutes an abuse of discretion where [the reviewing court] conclude[s] the judge made a clear error of judgment in weighing the factors relevant to the decision, . . . such that the decision falls outside the range of reasonable alternatives" (quotations omitted).  L.L. v. Commonwealth, 470 Mass. 169, 185 n.27 (2014).

At an extension hearing, the burden is on the plaintiff to show by a preponderance of the evidence that an extension is warranted.  Callahan v. Callahan, 85 Mass. App. Ct. 369, 372 (2014).  "The standard for obtaining an extension of an abuse prevention order is the same as for an initial order -- 'most commonly, the plaintiff will need to show a reasonable fear of imminent serious physical harm at the time that relief . . . is sought.'"  S.V. v. R.V., 94 Mass. App. Ct. 811, 813 (2019), quoting MacDonald v. Caruso, 467 Mass. 382, 386 (2014).[1]  The

_____

[1] It is not clear from the record before us whether either the initial c. 209A order or the one-year extension order dated April 11, 2022, was based on a finding that the plaintiff suffered actual physical harm, as opposed to her having been

4

plaintiff is "not required to re-establish facts sufficient to support th[e] initial grant of [the] order," Rauseo v. Rauseo, 50 Mass. App. Ct. 911, 913 (2001), but rather must show a "continued need for the order" (citation omitted). Iamele v. Asselin, 444 Mass. 734, 739 (2005). In evaluating whether the plaintiff has met her burden of proving that she has a reasonable fear of imminent serious physical harm, the judge "must consider the totality of the circumstances of the parties' relationship." Id. at 740.

Based on the evidence before her, the judge did not abuse her discretion in concluding that the extension of the abuse prevention order was warranted. The plaintiff testified that the defendant physically harmed her during their relationship, and that she is "extremely fearful" for her life now. She testified about a recent stalking incident involving the defendant and her new place of work, as well as threatening comments by the defendant to their daughter that he has "eyes on [them] everywhere" and they "were going to get hurt" if they did

placed "in fear of imminent serious physical harm." G. L. c. 209A, § 1. For reasons discussed infra, the evidence was sufficient to show that an extension was warranted in either case. See Callahan, 85 Mass. App. Ct. at 374 (while person seeking extension of c. 209A order based on "fear of imminent serious physical harm" must show that she is currently in fear of imminent serious physical harm, "the failure of the plaintiff to have an objectively reasonable fear of imminent serious physical harm does not by itself preclude extension" of c. 209A order based on past physical abuse).

5

not stop "poking the bear."  This evidence was sufficient to show a continued need for a c. 209A order.  See C.R.S. v. J.M.S., 92 Mass. App. Ct. 561, 563 (2017) (judge has "wide discretion" to consider "the entire history of the parties' relationship" and "any trauma or threat of harm to the applicant's minor children" in determining whether extension of order is warranted [citation omitted]).

The defendant also challenges the plaintiff's credibility and argues that the judge erred by failing to discount her "litany of false claims."  We accord the "utmost deference" to the credibility determinations made by the judge who "heard the testimony of the parties . . . [and] observed their demeanor" (citation omitted).  Noelle N. v. Frasier F., 97 Mass. App. Ct. 660, 664 (2020).  See Prenaveau v. Prenaveau, 81 Mass. App. Ct. 479, 496 (2012), quoting Johnston v. Johnston, 38 Mass. App. Ct. 531, 536 (1995) ("In a bench trial credibility is 'quintessentially the domain of the trial judge [so that his] assessment is close to immune from reversal on appeal except on the most compelling of showings'").  The record makes clear that the judge in this proceeding credited the plaintiff's testimony after observing her testify firsthand, and we defer to that determination now.

In light of the entire history of the parties' relationship and the evidence presented at the extension hearing, we see no

abuse of discretion or other error in the judge's decision to extend the order for three years.[2]

> Order dated April 11, 2023, extending G. L. c. 209A order affirmed.
>
> By the Court (Vuono, Shin & Toone, JJ.[3]),

Assistant Clerk

Entered:  April 25, 2024.

---

[2] The plaintiff's request for an award of appellate attorney's fees and costs is denied.  The defendant's request for an award of $3,641 for "transcription costs, filing fees and [c]ounsel assistance" regarding this appeal is also denied.

[3] The panelists are listed in order of seniority.