NOTICE:  Summary decisions issued by the Appeals Court pursuant to M.A.C. Rule 23.0, as appearing in 97 Mass. App. Ct. 1017 (2020) (formerly known as rule 1:28, as amended by 73 Mass. App. Ct. 1001 [2009]), are primarily directed to the parties and, therefore, may not fully address the facts of the case or the panel's decisional rationale.  Moreover, such decisions are not circulated to the entire court and, therefore, represent only the views of the panel that decided the case.  A summary decision pursuant to rule 23.0 or rule 1:28 issued after February 25, 2008, may be cited for its persuasive value but, because of the limitations noted above, not as binding precedent.  See Chace v. Curran, 71 Mass. App. Ct. 258, 260 n.4 (2008).

COMMONWEALTH OF MASSACHUSETTS

APPEALS COURT

24-P-1255

B.C.

vs.

M.A.

MEMORANDUM AND ORDER PURSUANT TO RULE 23.0

The defendant, M.A., appeals from the two-year extension of an abuse prevention order (order) issued in favor of the plaintiff, B.C., in the District Court.  See G. L. c. 209A.  We affirm.

Background.  A one-year order was issued at a hearing after notice in September 2023.  Both parties were present and represented by counsel at that hearing.

The defendant appealed from that order, arguing primarily that the plaintiff failed to prove by a preponderance of the evidence that she had a reasonable fear of imminent serious physical harm from the defendant.  See G. L. c. 209A, § 1 (b); Iamele v. Asselin, 444 Mass. 734, 736-737 (2005).  In an unpublished decision under Rule 23.0 of the Rules of the Appeals Court, as appearing in 97 Mass. App. Ct. 1017 (2020), a panel of

this court affirmed the one-year order, concluding that the plaintiff had met her burden of proof by providing an affidavit alleging several instances of physical abuse by the defendant, and by describing the continued effects the abuse had on her. See Yahna Y. v. Sylvester S., 97 Mass. App. Ct. 184, 187 (2020). Cf. Dollan v. Dollan, 55 Mass. App. Ct. 905, 906 (2002).

On the order's return date in September 2024, both parties appeared in the District Court before the same judge who had issued the September 2023 order. The plaintiff submitted a new affidavit, in which she described her ongoing fear of the defendant based on both his past physical abuse[1] and his conduct since the September 2023 hearing (notably, the defendant's attempts to contact the plaintiff directly, rather than through counsel, in connection with their ongoing and contentious divorce proceedings). The plaintiff also testified to her fear and to the truth and accuracy of both a 2023 affidavit and the new affidavit. The judge extended the order for two years, and this appeal followed.

---

[1] In a supplemental affidavit in support of the original order, the plaintiff alleged that the defendant had hit her with a wooden spoon, severely bruising her hips and legs; had thrown her on the bed and hit her repeatedly with his closed fist; had beaten her in a way that bruised her face and body; and had punched her forcefully in the head with a closed fist, "causing long term medical issues."

Discussion. 1. Extension of the order. We review the extension of an abuse prevention order "for an abuse of discretion or other error of law." Constance C. v. Raymond R., 101 Mass. App. Ct. 390, 394 (2022), quoting E.C.O. v. Compton, 464 Mass. 558, 562 (2013). At an extension hearing, the plaintiff bears the burden of "show[ing] by a preponderance of the evidence that an extension of the order is necessary to protect [the plaintiff] from the likelihood of 'abuse' as defined in G. L. c. 209A, § 1." Vera V. v. Seymour S., 98 Mass. App. Ct. 315, 317 (2020), quoting Iamele, 444 Mass. at 739. Where, as here, a plaintiff seeks an order based on having been subject to past physical harm, "the 'abuse' is the physical harm caused, and a judge may reasonably conclude that there is a continued need for the order because the damage resulting from that physical harm affects the victim even when further physical attack is not reasonably imminent." Callahan v. Callahan, 85 Mass. App. Ct. 369, 374 (2014). See Latoya L. v. Kai K., 104 Mass. App. Ct. 173, 178 (2024) (where plaintiff was victim of past physical and sexual abuse, "the only question for the judge was whether there was a continued need for the order to address the prior abuse").

The defendant's arguments in this appeal -- (1) that the plaintiff failed to show reasonable fear of imminent serious physical harm, and (2) that, under Dollan, 55 Mass. App. Ct. at

3

906, "G. L. c. 209A, § 1 (b), focuses on preventing imminent serious physical harm, not merely responding to past abuse" -- mirror those he made unsuccessfully in his earlier challenge to the original order. We are not persuaded.

At the September 2023 hearing, the plaintiff's evidence established that she suffered from past physical abuse by the defendant.[2] Thus, the plaintiff was not required to reestablish the fact of the abuse at the extension hearing the following year. See Rauseo v. Rauseo, 50 Mass. App. Ct. 911, 913 (2001). At that extension hearing, the plaintiff instead offered testimony and a sworn affidavit averring ongoing fear of the defendant based on his past physical abuse. That evidence was adequate in the circumstances to establish the plaintiff's entitlement to an extension of the order.[3] See McIsaac v.

---

[2] In the September 2024 hearing, the defendant testified that he "didn't do anything," and he denied wanting to harm the plaintiff in the past or future. Indeed, when presented with e-mail messages that he sent to the plaintiff which, when translated from Italian to English, read, "I WILL KIIIIILL YOU FOR ALL THE HARM YOU DID TO ME" and "YOUUU AAAAAAREE SHHHHHHHHHIT THHHHHIEF UUUUUUUGLY TONIGHT I WILL KIIIIIIIIIIIIIIIIIIIILLLLLLLLLLLLLLLLLL YOU," the defendant testified that (1) this language "doesn't mean I want to harm [the plaintiff]," and (2) "I'm going to kill you" could even mean "I love you." We infer that the judge did not credit the defendant on these points.

[3] Given our conclusion, we need not address the defendant's arguments justifying his attempts to contact the plaintiff while both this order and an order from the Probate and Family Court restricting his ability to contact her were in place.

4

Porter, 90 Mass. App. Ct. 730, 734 (2016) ("a victim who still reasonably suffers fear based on past physical abuse may seek to extend a 209A order or to make it permanent").

2. Plaintiff's request for attorney's fees and costs. The plaintiff seeks an award of her reasonable attorney's fees in this appeal, along with double costs. See G. L. c. 211A, § 15; G. L. c. 231, § 6F; Mass. R. A. P. 25, as appearing in 481 Mass. 1654 (2019). We agree that the defendant's arguments were "frivolous" because he had "no reasonable expectation of a reversal." Allen v. Batchelder, 17 Mass. App. Ct. 453, 458 (1984). The plaintiff is therefore entitled to an award of her appellate attorney's fees and single costs. See Mass. R. A. P. 25. Consistent with the requirements of Fabre v. Walton, 441 Mass. 9, 10 (2004), the plaintiff may file a request for appellate attorney's fees and costs, along with supporting documentation, within fourteen days of the issuance of the

decision in this case.  The defendant shall have fourteen days thereafter within which to respond.

Conclusion.  The order entered September 13, 2024, is affirmed.

So ordered.

By the Court (Massing, Hand &
   Hershfang, JJ.[4]),

Clerk

Entered:  August 7, 2025.

---

[4] The panelists are listed in order of seniority.