KINDER, J.
*811 The plaintiff appeals from an order denying the extension of an abuse prevention order that was issued pursuant to G. L. c. 209A, § 3 (209A order). She claims that the denial was an abuse of discretion because the evidence established that she had an objectively reasonable fear of imminent serious physical harm from the defendant, her former husband. We affirm.
Background. We summarize the factual background. On October 8, 2016, the plaintiff obtained an emergency ex parte 209A order against the defendant based on evidence that he had harassed her and "grabbed and pinched [her] arm" during an argument *812 at their residence.[1] See G. L. c. 209A, §§ 3, 4. According to the plaintiff's affidavit, the physical contact occurred when she attempted to move the children from the defendant's room while they were sleeping, which the defendant tried to prevent. Following the ex parte hearing, the defendant was ordered not to contact or abuse the plaintiff, to vacate and stay away from the family home, and to remain one hundred yards away from the plaintiff. The defendant was also arrested for assault *1199 and battery on a household member.[2] After subsequent hearings at which both parties appeared, the 209A order was extended to November 15, 2016, and then to December 28, 2016. The parties appeared in court again on December 28, 2016, and, at the plaintiff's request, the judge extended the 209A order for one year, until December 29, 2017.[3]
On December 29, 2017, both parties appeared before the judge who had granted the one-year extension. The plaintiff was represented by counsel and the defendant appeared pro se. After the plaintiff requested an additional extension of the 209A order, which the defendant opposed, the judge heard testimony from the parties. The plaintiff testified that she remained in fear of the defendant as a result of the original incident and because she continued to see him at their children's extracurricular activities. When asked what specific conduct caused her fear, the plaintiff referred back to the conduct precipitating the initial 209A order. For his part, the defendant testified that he and the plaintiff had been together in public locations "virtually every day for the past year" while coordinating their children's activities and parenting time. He also stated that the parties often attended the children's activities at the same time. After hearing testimony from both parties, the judge denied the request for an extension, concluding that "the credible evidence convinces me that [the plaintiff] ... [is] not in need of protection from abuse."
*813 Discussion. At a hearing to extend a 209A order, the burden is on the plaintiff to establish facts justifying the extension by a preponderance of the evidence. Iamele v. Asselin, 444 Mass. 734, 736, 831 N.E.2d 324 (2005). "The standard for obtaining an extension of an abuse prevention order is the same as for an initial order -- 'most commonly, the plaintiff will need to show a reasonable fear of imminent serious physical harm at the time that relief ... is sought.' " MacDonald v. Caruso, 467 Mass. 382, 386, 5 N.E.3d 831 (2014), quoting Iamele, supra at 735, 831 N.E.2d 324. That fear must be objectively reasonable. See Smith v. Jones, 75 Mass. App. Ct. 540, 543, 915 N.E.2d 260 (2009). "It is the totality of the conditions that exist at the time that the plaintiff seeks the extension, viewed in the light of the initial abuse prevention order, that govern." Iamele, supra at 741, 831 N.E.2d 324.
If the extension request is based on past physical abuse, as it was in this case, "the failure of the plaintiff to have an objectively reasonable fear of imminent serious physical harm does not by itself preclude extension of an abuse prevention order. Faced with an extension request in such a circumstance, the judge must make a discerning appraisal of the continued need for an abuse prevention order to protect the plaintiff from the impact of the violence already inflicted." Callahan v. Callahan, 85 Mass. App. Ct. 369, 374, 10 N.E.3d 159 (2014). "The infliction of some wounds may be so traumatic that the passage of time alone does not mitigate the victim's fear of the perpetrator." Vittone v. Clairmont, 64 Mass. App. Ct. 479, 489, 834 N.E.2d 258 (2005). "That is not to say that a judge must always extend an order predicated on physical abuse upon request."
*1200 Callahan, supra. Among other things, the judge should consider "the defendant's violations of protective orders, ongoing child custody or other litigation ... likely to engender hostility, the parties' demeanor in court, the likelihood that the parties will encounter one another in the course of their usual activities ..., and significant changes in the circumstances of the parties." Iamele, 444 Mass. at 740, 831 N.E.2d 324. We review the judge's decision for an abuse of discretion. See Crenshaw v. Macklin, 430 Mass. 633, 636, 722 N.E.2d 458 (2000) ; Callahan, supra at 375, 10 N.E.3d 159.
Here, the judge heard testimony from the parties and was in the best position to assess their demeanor. There was conflicting testimony regarding the nature of the physical contact that led to the initial 209A order. For purposes of our analysis, we accept the plaintiff's testimony regarding that contact. It is indisputable, however, that circumstances had changed. On March 9, 2017, the parties executed a stipulation, which they filed in the Probate and *814 Family Court, that the defendant was permitted to attend all of the children's activities held in public locations and that such attendance would not violate the 209A order. The same stipulation provided that the parties would not directly or indirectly communicate during those public events. The evidence at the 209A extension hearing established that the parties had been together "virtually every day" for over one year to facilitate shared parenting time, without any allegation that the defendant had violated the 209A order.[4] Considering these changed circumstances and the nature of the underlying physical abuse, we cannot reasonably say that the judge failed to make a "discerning appraisal of the continued need for an abuse prevention order to protect the plaintiff from the impact of the violence already inflicted." Callahan, 85 Mass. App. Ct. at 374, 10 N.E.3d 159. While the judge's findings did not explain his reasoning in detail, we are confident that he considered the totality of the conditions at the time of the requested extension, viewed in light of the initial 209A order. Accordingly, we discern no abuse of discretion.
Order denying extension of G. L. c. 209A order affirmed.

At the time, the plaintiff's divorce complaint was pending in the Probate and Family Court, but the parties continued to live together with their four children at the marital home.

At the extension hearing on December 29, 2017, the judge noted that the defendant had been placed on pretrial probation with conditions that he attend a batterer's program and abide by the conditions of the 209A order.

Thereafter the terms of the 209A order were modified several times to permit contact when the children were exchanged for parenting time, to reflect changes in the parties' residences, and to permit the defendant's attendance at the children's activities.

The fact that the defendant had not violated the 209A order is not dispositive, but it is one of the factors the judge could consider in evaluating the need to protect the plaintiff from the impact of the violence already inflicted. See Iamele, 444 Mass. at 740, 831 N.E.2d 324.