NOTICE:  Summary decisions issued by the Appeals Court pursuant to M.A.C. Rule 23.0, as appearing in 97 Mass. App. Ct. 1017 (2020) (formerly known as rule 1:28, as amended by 73 Mass. App. Ct. 1001 [2009]), are primarily directed to the parties and, therefore, may not fully address the facts of the case or the panel's decisional rationale.  Moreover, such decisions are not circulated to the entire court and, therefore, represent only the views of the panel that decided the case. A summary decision pursuant to rule 23.0 or rule 1:28 issued after February 25, 2008, may be cited for its persuasive value but, because of the limitations noted above, not as binding precedent.  See Chace v. Curran, 71 Mass. App. Ct. 258, 260 n.4 (2008).

COMMONWEALTH OF MASSACHUSETTS

APPEALS COURT

20-P-231

A.L.

vs.

C.D.

MEMORANDUM AND ORDER PURSUANT TO RULE 23.0

The defendant, C.D., appeals from the order denying his motion to modify a G. L. c. 209A abuse prevention order entered against him and from the order denying his motion for reconsideration.[1]  We affirm.

Background.  On January 21, 2009, the plaintiff filed an application for an abuse protection order under c. 209A.  A one-day temporary order was entered, and after a series of extensions, on January 29, 2010, the order was made permanent. The order required the defendant to stay away from, and not to contact, the plaintiff and the parties' minor child.  In 2013, the defendant successfully moved to modify the order to terminate the provisions requiring him to stay away from the

_____

[1] The plaintiff did not file a brief.

child.  In 2017, the defendant's motion to vacate the remaining portion of the order was denied.  The defendant appealed, and a panel of this court affirmed the order.  See A.L. v. C.D., 94 Mass. App. Ct. 1103 (2018).

On August 26, 2019, the defendant moved to modify the abuse prevention order to make it "mutual."  On August 28, 2019, a judge denied the motion on the ground that the defendant had failed to show by clear and convincing evidence that the order was no longer necessary to protect the plaintiff from abuse. The defendant filed a motion for reconsideration on September 20, 2019, emphasizing that the application of c. 209A in this case violated his equal protection rights, and that a mutual order was necessary to protect him from harm.  The judge denied the motion in an order entered on September 24, 2019, stating, "There is no basis for a mutual order."  The defendant appeals.

Discussion.  The defendant claims that the judge abused her discretion and violated his right to equal protection of the laws when she denied his motion to make the existing order mutual.  We review a judge's decision denying a c. 209A order or denying a motion to vacate c. 209A order for abuse of discretion.  See MacDonald v. Caruso, 467 Mass. 382, 391 (2014); S.V. v. R.V., 94 Mass. App. Ct. 811, 813 (2019).

To be entitled to a mutual order, the defendant was required to establish his own entitlement to relief under

2

c. 209A. "[A]pplications for retaliatory abuse prevention orders should only be allowed if the predicate conditions are shown and not as a prophylactic agent to prevent putative violations." Uttaro v. Uttaro, 54 Mass. App. Ct. 871, 875 (2002). Therefore, the defendant was required to establish that he was "suffering from abuse." Iamele v. Asselin, 444 Mass. 734, 736 (2005), quoting G. L. c. 209A, § 3. In support of his motion, the defendant stated that he was "harmed" because the existing order prevented him from obtaining parole. This is not the type of harm contemplated by c. 209A. See Iamele, supra at 736-737 ("abuse" under c. 209A involves physical harm, involuntary sexual relations, or placing another in fear of imminent serious physical harm); Uttaro, supra at 873 (obtaining abuse prevention order "requires proof of some act that places the complainant in reasonable apprehension that force may be used"; fear of arrest due to plaintiff's selective enforcement of abuse prevention order insufficient). As the defendant made no showing of abuse, the judge did not abuse her discretion by declining to make the order mutual.

As to the defendant's equal protection claim, we discern no error. His motion for a mutual order was evaluated under the same definition of "abuse" that was applied to the plaintiff's application. To the extent the defendant argues that the judges issuing or extending the original c. 209A order did not properly

3

apply the standard, or erroneously issued the order "simply because it seem[ed] to be a good idea," Smith v. Joyce, 421 Mass. 520, 523 n.1 (1995), his time to challenge the original order has long passed.  See MacDonald, 467 Mass. at 387-388; Iamele, 444 Mass. at 742.  To modify or terminate the order, the defendant was required to "show by clear and convincing evidence that, as a result of a significant change in circumstances, it is no longer equitable for the order to continue because the protected party no longer has a reasonable fear of imminent serious physical harm" (emphasis added).  Cordelia C. v. Steven S., 95 Mass. App. Ct. 635, 639 (2019), quoting MacDonald, supra at 382-383.  The defendant made no such showing.  See MacDonald, supra at 393 (defendant's affidavit stating he had "moved on with his life" insufficient to demonstrate he had "'moved on' from his history of domestic abuse and retaliation").  The possibility that the existing order hurt his chances of obtaining parole was not a relevant consideration.

Conclusion.  The order docketed August 28, 2019, denying the motion to modify, is affirmed.  The order docketed September

4

24, 2019, denying the motion for reconsideration, is affirmed.

So ordered.

By the Court (Massing,
  Ditkoff & Singh, JJ.[2]),

*Joseph F. Stanton*

Clerk

Entered:   August 3, 2023.

---

[2] The panelists are listed in order of seniority.

5