NOTICE:  Summary decisions issued by the Appeals Court pursuant to M.A.C. Rule 23.0, as appearing in 97 Mass. App. Ct. 1017 (2020) (formerly known as rule 1:28, as amended by 73 Mass. App. Ct. 1001 [2009]), are primarily directed to the parties and, therefore, may not fully address the facts of the case or the panel's decisional rationale.  Moreover, such decisions are not circulated to the entire court and, therefore, represent only the views of the panel that decided the case. A summary decision pursuant to rule 23.0 or rule 1:28 issued after February 25, 2008, may be cited for its persuasive value but, because of the limitations noted above, not as binding precedent.  See Chace v. Curran, 71 Mass. App. Ct. 258, 260 n.4 (2008).

COMMONWEALTH OF MASSACHUSETTS

APPEALS COURT

23-P-186

R.D.

vs.

W.H.

MEMORANDUM AND ORDER PURSUANT TO RULE 23.0

The defendant appeals from the extension of an abuse prevention order issued pursuant to G. L. c. 209A, § 3 (209A order) and from the subsequent modification, rather than termination, of the order.  We affirm.

Background.  The parties moved in together in March 2019, and the plaintiff gave birth to their child in August 2019.  In October 2019, the defendant was indicted in the United States District Court for the District of Massachusetts on a variety of drug and gun charges.  The defendant pleaded guilty in March 2022, and was awaiting sentencing.  On May 9, 2022, the plaintiff filed a complaint for a 209A order on behalf of herself and the child, alleging that the defendant had placed her in fear of imminent serious physical harm.  A District Court judge issued the 209A order ex parte.  On May 23, 2022, the

defendant was charged with violating the 209A order.  On June 6, 2022, an extension hearing was held on the 209A order at which both parties were represented by counsel.  The plaintiff testified but the defendant did not, apparently because of the pending criminal charges.  The judge extended the order for one year.  In July 2022, the defendant received a Federal prison sentence of more than seven years.  In August 2022, he filed a motion to terminate the 209A order or, in the alternative, to modify it.  After a hearing on September 9, 2022, a different judge (motion judge) modified the order to allow the defendant to have some contact with the child by telephone and mail.

Discussion.  1.  Sufficiency of evidence.  The defendant contends that the judge abused his discretion by extending the 209A order and applied an incorrect legal standard at the extension hearing.  See Constance C. v. Raymond R., 101 Mass. App. Ct. 390, 394 (2022), quoting E.C.O. v. Compton, 464 Mass. 558, 562 (2013) (extension of 209A order reviewed "for an abuse of discretion or other error of law").  We disagree.

"The standard for obtaining an extension of an abuse prevention order is the same as for an initial order -- 'most commonly, the plaintiff will need to show a reasonable fear of imminent serious physical harm at the time that relief . . . is sought.'"  S.V. v. R.V., 94 Mass. App. Ct. 811, 813 (2019), quoting McDonald v. Caruso, 467 Mass. 382, 386 (2014).  "[F]or

2

the plaintiff's fear of imminent serious physical harm to be reasonable, it is not necessary that there be a history -- or even a specific incident of physical violence." Noelle N. v. Frasier F., 97 Mass. App. Ct. 660, 665 (2020).  In evaluating whether the plaintiff has met her burden of proving that she has a reasonable fear of imminent serious physical harm, the judge "must consider the totality of the circumstances of the parties' relationship."  Iamele v. Asselin, 444 Mass. 734, 740 (2005).

According to the plaintiff's affidavit in support of the ex parte order, earlier that day, during a telephone call, the defendant yelled at her and told her that he was going to her mother's house to attack the plaintiff's brother.  The plaintiff further alleged that the defendant had been "diagnosed with bipolar disorder/depression," had a history of violence toward his former wife, had access to weapons in the past, and she "suspected that he [was] on steroids."

At the extension hearing, the plaintiff testified that after the ex parte order issued, the defendant was verbally abusive to her, and "threatened through a third party . . . that if [she] continue[d] to keep [their] son away from him, that he [was] going to take [her] down with him."  The plaintiff indicated that the defendant's erratic behavior had "gotten progressively worse" since he became aware of the sentencing date in Federal Court, he had threatened to kill himself, and

3

she had to "walk on eggshells around him." She also testified that she was afraid the defendant would become physically violent toward her based on incidents during which he was "in [her] face . . . aggressive and in [her] space, and intimidating [her] with his body size." She testified that she believed the defendant was staying with relatives who had guns in their house.

Based on the evidence, the judge could have concluded that the plaintiff proved by a preponderance of the evidence that the defendant had placed her in reasonable fear of imminent serious physical harm. See Ginsberg v. Blacker, 67 Mass. App. Ct. 139, 141 (2006) (reasonable fear of imminent serious physical harm where defendant was "physically aggressive" with plaintiff despite not touching her, by screaming and waving his hands in her face). See also Noelle N., 97 Mass. App. Ct. at 665-666 (erratic and unstable behavior can create reasonable apprehension that force might be used).

We are not persuaded by the defendant's argument that the judge applied an incorrect legal standard at the extension hearing. The defendant points to the judge's remark at the outset of the extension hearing, explaining to the plaintiff that he had to find a "reasonable basis" to extend the order based on her "present apprehension . . . [t]hat could be based on fear of intimidation, abuse." The judge ultimately found

4

that "the plaintiff has established by a preponderance of the credible evidence that she does suffer from fear of, or reasonably suffer from fear of physical abuse."  To whatever extent the judge's informal oral comments articulated the standard imperfectly, we are satisfied that he applied it correctly.  There was no error or abuse of discretion.

2.  Defendant's right to be heard.  We disagree with the defendant's assertion that he was deprived of a meaningful opportunity to counter the plaintiff's claims that the relatives with whom he was staying had guns in their home, and on a past occasion, he had spit in his former mother-in-law's face.

A defendant in a 209A extension hearing "has a right to notice and an opportunity to be heard."  M.M. v. Doucette, 92 Mass. App. Ct. 32, 34 (2017).  See Guidelines for Judicial Practice:  Abuse Prevention Proceedings § 1:02 (rev. Oct. 2021). "A meaningful opportunity to be heard includes an opportunity to address the material and determinative allegations at the core of a party's claim or defense and to present evidence on the contested facts."  Idris I. v. Hazel H., 100 Mass. App. Ct. 784, 788 (2022).

Here, the defendant, who was represented by counsel, neither objected to the plaintiff's testimony nor sought additional time to investigate her assertions.  He argues on appeal that he should have been allowed to present rebuttal

5

evidence, but never requested the opportunity to do so at the hearing. The defendant did not cross-examine the plaintiff on either assertion nor address them during closing argument. Any argument that the defendant was unfairly surprised by the plaintiff's testimony was waived. See Wilhelmina W. v. Uri U., 102 Mass. App. Ct. 634, 641 (2023) (arguments not raised to judge are waived).

3. Termination of the 209A order. The defendant claims the motion judge abused his discretion by "refusing to even consider termination of the 209A order." See MacDonald, 467 Mass. at 394. First, we think this argument mischaracterizes the judge's ruling and the underlying hearing. The defendant's motion was to terminate the 209A order or, in the alternative, to modify it to permit contact with the child. At the start of the hearing, the judge verified that the motion was pleaded in the alternative. A lengthy dialogue followed between the judge and counsel, during which they focused on how to facilitate telephone contact with the child. Toward the end of the hearing, the judge indicated that his role was not to "mediate" the dispute, and if pressed to decide the motion, he would deny it. The defendant responded by returning the discussion to the logistics of telephone contact. After further back and forth between the judge and the parties, an agreement was reached that the order would be modified. When the judge ultimately stated,

6

"[T]he motion is denied in part and allowed in part," the defendant did not object.

We see nothing in the tone or conduct of the hearing that supports the defendant's contention that the judge refused to consider termination of the 209A order.  After actively participating in a negotiated agreement for modification and failing to press for termination of the 209A order in any meaningful way, the defendant can hardly complain now that he was deprived of a fair hearing by the judge.  See Wilhelmina W., 102 Mass. App. Ct. at 641.

Moreover, the judge had ample basis to deny so much of the defendant's motion as requested termination of the 209A order. The first judge understood the defendant's prison sentence was imminent when he granted a one-year extension of the 209A order. That the sentence had been imposed, as expected, when the motion judge heard the defendant's motion three months later was not "a significant change in circumstances" that would warrant termination of the order.  See MacDonald, 467 Mass. at 382-383 (termination of existing 209A order requires defendant to "show by clear and convincing evidence that, as a result of a significant change in circumstances, it is no longer equitable

for the order to continue because the protected party no longer has a reasonable fear of imminent serious physical harm").

Orders extending and
modifying abuse prevention
order affirmed.

By the Court (Shin, Brennan &
Hodgens, JJ.[1]),

*Joseph F. Stanton*

Clerk

Entered:   November 14, 2023.

---

[1] The panelists are listed in order of seniority.