NOTICE: Summary decisions issued by the Appeals Court pursuant to M.A.C. Rule 23.0, as appearing in 97 Mass. App. Ct. 1017 (2020) (formerly known as rule 1:28, as amended by 73 Mass. App. Ct. 1001 [2009]), are primarily directed to the parties and, therefore, may not fully address the facts of the case or the panel's decisional rationale. Moreover, such decisions are not circulated to the entire court and, therefore, represent only the views of the panel that decided the case. A summary decision pursuant to rule 23.0 or rule 1:28 issued after February 25, 2008, may be cited for its persuasive value but, because of the limitations noted above, not as binding precedent. See Chace v. Curran, 71 Mass. App. Ct. 258, 260 n.4 (2008).

COMMONWEALTH OF MASSACHUSETTS

APPEALS COURT

23-P-1071

A.M.

vs.

C.J.M.

MEMORANDUM AND ORDER PURSUANT TO RULE 23.0

This is an appeal from an order extending an abuse prevention order issued under G. L. c. 209A. The extension order under appeal was issued on August 16, 2023, after a hearing at which both parties appeared and testified. The initial 209A order issued in July of 2021. In connection with her request for the initial order in 2021, the plaintiff submitted an affidavit detailing several instances of physical abuse by the defendant.

On appeal the defendant argues that the judge erred in extending the 209A order, because at the 2023 hearing the plaintiff did not introduce new evidence of abuse, or that she was in reasonable fear of imminent physical harm. To the extent

the defendant is arguing as a matter of law that the plaintiff was required to show fear of imminent physical harm to obtain the extension order, the defendant is incorrect. Where, as here, the plaintiff has previously suffered actual physical harm at the hands of the defendant, all the plaintiff needed to show was a continuing need for the order. As we said in Callahan v. Callahan, 85 Mass. App. Ct. 369, 374 (2014):

> "Although a person seeking an abuse prevention order (and extension) based on 'fear of imminent serious physical harm' must always show that he or she is currently in fear of imminent serious physical harm, and that such fear is reasonable, . . . the same is not true of a person who seeks an order (or extension) based on having already been subject to physical harm. In that circumstance, the 'abuse' is the physical harm caused, and a judge may reasonably conclude that there is a continued need for the order because the damage resulting from that physical harm affects the victim even when further physical attack is not reasonably imminent because the perpetrator is incarcerated.

> "That is not to say that a judge must always extend an order predicated on physical abuse on request. It simply means that the failure of the plaintiff to have an objectively reasonable fear of imminent serious physical harm does not by itself preclude extension of an abuse prevention order. Faced with an extension request in such a circumstance, the judge must make a discerning appraisal of the continued need for an abuse prevention order to protect the plaintiff from the impact of the violence already inflicted."

That leaves a second question, which is whether the judge nevertheless abused her discretion in extending the order, under the particular facts of this case. Put differently, did the judge conduct the required "discerning appraisal of the

2

continued need" for the order?  S.V. v. R.V., 94 Mass. App. Ct. 811, 814 (2019), quoting Callahan, 85 Mass. App. Ct. at 374. The defendant emphasizes that he has stayed away from the plaintiff and her friends, that he has not seen the plaintiff in years, and that he does not even know the plaintiff's whereabouts.

Nevertheless, after reviewing the record, we discern no abuse of discretion.  The judge heard from both parties in connection with the extension order, and did in fact carefully question the defendant.  Matters of credibility are for the trial judge, Johnston v. Johnston, 38 Mass. App. Ct. 531, 536 (1995), and generally, we also will defer to the judge's weighing of the facts.  Iamele v. Asselin, 444 Mass. 734, 741 (2005) (and cases cited).  Here, the judge's concerns are evident from the record, as the defendant conceded the truth of some of the plaintiff's prior allegations of stalking and physical contact, yet didn't "recall," or denied, the more serious physical abuse that, for example, required the plaintiff to go to the hospital.  The plaintiff testified that she remained in fear of the defendant.  On hearing this testimony and viewing the witnesses, the judge was within her discretion in concluding that there was a continuing need for the order. No specific findings of fact were required.  G.B. v. C.A., 94 Mass. App. Ct. 389, 396 (2018).

Finally, at oral argument the defendant challenged the District Court's subject matter jurisdiction, asserting that the parties had lived together in Rhode Island, not Massachusetts, and that all the operative acts asserted in the plaintiff's affidavit had occurred in Rhode Island. This argument was not made in the defendant's appellate brief, but it is in any event unavailing. The plaintiff's 2021 court filings show an address in Massachusetts (the plaintiff also worked in Massachusetts at the time). There is no question that Massachusetts has a sufficient interest to establish constitutional jurisdiction where it is acting to protect a person living within its borders from physical abuse, regardless of where the prior contact between the parties occurred. This is not a criminal case, where the place of the crime might limit a court's criminal

4

jurisdiction.  See Vasquez, petitioner, 428 Mass. 842, 848 (1999).

Nothing in G. L. c. 209A is to the contrary, and indeed, venue was clearly proper in the District Court pursuant to c. 209A, § 2.

Order entered August 16, 2023, extending abuse prevention order affirmed.

By the Court (Milkey, Shin & Englander, JJ.[1]),

*Paul Little*

Clerk

Entered:  July 30, 2024.

---

[1] The panelists are listed in order of seniority.