NOTICE:  Summary decisions issued by the Appeals Court pursuant to M.A.C. Rule 23.0, as appearing in 97 Mass. App. Ct. 1017 (2020) (formerly known as rule 1:28, as amended by 73 Mass. App. Ct. 1001 [2009]), are primarily directed to the parties and, therefore, may not fully address the facts of the case or the panel's decisional rationale.  Moreover, such decisions are not circulated to the entire court and, therefore, represent only the views of the panel that decided the case. A summary decision pursuant to rule 23.0 or rule 1:28 issued after February 25, 2008, may be cited for its persuasive value but, because of the limitations noted above, not as binding precedent.  See Chace v. Curran, 71 Mass. App. Ct. 258, 260 n.4 (2008).

COMMONWEALTH OF MASSACHUSETTS

APPEALS COURT

24-P-678

L.F.

vs.

E.K.F.

MEMORANDUM AND ORDER PURSUANT TO RULE 23.0

The defendant, E.K.F., appeals from an order extending an abuse prevention order issued pursuant to G. L. c. 209A, § 3, at the request of his estranged wife.  Concluding that the District Court judge applied the correct standard and discerning no error in the judge's conclusion that the plaintiff had demonstrated a continued need for the order, we affirm.

1.  Standard for an extension.  The defendant argues that the judge failed to require the plaintiff to show "a reasonable fear of imminent serious physical harm."  See G. L. c. 209A, § 1 (b).  The definition of "abuse," however, also includes "attempting to cause or causing physical harm."  G. L. c. 209A, § 1 (a).  Accordingly, "[w]here the plaintiff has 'already been

subject to physical harm,' . . . an extension is warranted if 'there is a continued need for the order because the damage resulting from that physical harm affects the victim even when further physical attack is not reasonably imminent.'" Vera V. v. Seymour S., 98 Mass. App. Ct. 315, 317 (2020), quoting Callahan v. Callahan, 85 Mass. App. Ct. 369, 374 (2014). Accord Latoya L. v. Kai K., 104 Mass. App. Ct. 173, 178 (2024); S.V. v. R.V., 94 Mass. App. Ct. 811, 813 (2019); McIsaac v. Porter, 90 Mass. App. Ct. 730, 733-734 (2016). The defendant's reliance on Dollan v. Dollan, 55 Mass. App. Ct. 905, 906 (2002), where "the judge appears to have based the issuance of the order of part (b) of the definition," and Wooldridge v. Hickey, 45 Mass. App. Ct. 637, 639 (1998), where the plaintiff "never speaks of having suffered physical harm," is misplaced where the order is based on actual physical abuse.

Here, in April 2021 the judge found the defendant "abused [the plaintiff] including an incident where he broke through a locked door to a room where she was." The defendant did not appeal this order, and thus we must accept that this is a case involving prior abuse. See Yasmin Y. v. Queshon Q., 101 Mass. App. Ct. 252, 258 (2022).[1] Accordingly, this was a case of prior

_____

[1] In any event, the defendant has not provided us with the plaintiff's affidavit or a transcript of the April 10, 2021, hearing. We note that, at the 2022 hearing, the plaintiff

physical abuse, and the judge properly applied the Vera V. standard in deciding to extend the order.

2. Evidence supporting the extension. As stated, the judge could extend the order if she found "a continued need for the order because the damage resulting from that physical harm affects the victim." Vera V., 98 Mass. App. Ct. at 317, quoting Callahan, 85 Mass. App. Ct. at 374. "We review the extension of c. 209A order 'for an abuse of discretion or other error of law.'" Latoya L., 104 Mass. App. Ct. at 177, quoting Constance C. v. Raymond R., 101 Mass. App. Ct. 390, 394 (2022).

The motion judge heard from the parties at length, over two days of evidence. The defendant presented evidence that the plaintiff has used the abuse prevention order as a tactical tool in the divorce litigation, and that evidence cuts against the plaintiff's showing of a continued need for the order. The judge, however, could reasonably find that the evidence supporting the continued need for the order outweighed this evidence. According to the plaintiff's testimony, since the previous extension, the defendant tried to contact her on a dating site, came into stores she was in four times in the previous six months, "walked straight towards" her at Horn Pond,

---

testified that the defendant was physically violent towards her on "[a]t least five" occasions, the most serious of which involved his slapping her across the face and being arrested.

3

had refused to turn over the children until a police officer intervened, had followed her after turning over the children, and once refused to return a child's medication. As "[t]he judge may consider such factors as 'the defendant's violations of protective orders, ongoing child custody or other litigation that engenders or is likely to engender hostility, the parties' demeanor in court, [and] the likelihood that the parties will encounter one another in the course of their usual activities,'" Yasmin Y., 101 Mass. App. Ct. at 258, quoting Iamele v. Asselin, 444 Mass. 734, 740 (2005), this was abundant evidence to support an extension of the order.

Finally, we discern no inconsistency between the judge's finding that the plaintiff had demonstrated her further need for an extension at this hearing and the judge's finding one year earlier that the defendant had not shown further need for the extension of the abuse prevention order he received against the plaintiff. The only recent action by the plaintiff recounted by the defendant at that hearing was her posting divorce case documents to a WhatsApp group that contained only the plaintiff and the defendant. That fell considerably short of the evidence the plaintiff presented regarding her continued need for an abuse prevention order. A judge could consistently conclude

4

that the defendant failed to meet his burden and that the plaintiff met hers.[2]

> Order dated March 18, 2024, affirmed.
>
> By the Court (Ditkoff, Hand & Walsh, JJ.[3]),
>
> Clerk

Entered:  March 4, 2025.

---

[2] The plaintiff's request for attorney's fees is denied. The statutes cited by the plaintiff authorize a Probate and Family Court judge to order a party to pay the costs of litigating a divorce action.  See G. L. c. 208, §§ 17, 34.  This is not a divorce action.

[3] The panelists are listed in order of seniority.

5