NOTICE:  Summary decisions issued by the Appeals Court pursuant to M.A.C. Rule 23.0, as appearing in 97 Mass. App. Ct. 1017 (2020) (formerly known as rule 1:28, as amended by 73 Mass. App. Ct. 1001 [2009]), are primarily directed to the parties and, therefore, may not fully address the facts of the case or the panel's decisional rationale.  Moreover, such decisions are not circulated to the entire court and, therefore, represent only the views of the panel that decided the case. A summary decision pursuant to rule 23.0 or rule 1:28 issued after February 25, 2008, may be cited for its persuasive value but, because of the limitations noted above, not as binding precedent.  See Chace v. Curran, 71 Mass. App. Ct. 258, 260 n.4 (2008).

COMMONWEALTH OF MASSACHUSETTS

APPEALS COURT

24-P-1174

R.C.

vs.

D.I.

MEMORANDUM AND ORDER PURSUANT TO RULE 23.0

The plaintiff appeals from a District Court judge's denial of her request to extend a G. L. c. 209A abuse prevention order. Discerning no abuse of discretion or other error of law, we affirm.

Background.  The plaintiff obtained an ex parte abuse prevention order from an emergency response judge on the night of Friday, August 25, 2023.  According to the affidavit in support of the complaint, the plaintiff sought the order because the defendant failed to return her Apple watch, after he "basically sexually assaulted [her]."  The order was set to expire on Monday, August 28, 2023.  On that date, both parties appeared for a hearing, and the order was extended for two

months to October 27, 2023.[1]  The following Friday, September 1, 2023, the plaintiff sought and obtained an ex parte modification of the order, requiring the defendant to drop off the plaintiff's Apple watch at the police station.  At the October 27, 2023 extension hearing, both parties appeared.  After hearing about police involvement in the matter, the judge extended the order for another three months "to see how the investigation plays out."

Both parties again appeared on January 25, 2024.  On that date, the plaintiff requested a one-year extension.  When asked why she felt she needed the order extended, the plaintiff stated that she wanted "to feel better mentally."  She explained that she had no health insurance and so she was dependent on getting financial support.  She stated that the Attorney General's office had just approved payment for her therapy and she was starting that week.  She said that she needed time "to kind of, like, get [herself] up there . . . ."  She mentioned that the rape kit results had not come back and that the police were waiting for those results to draw up their reports.  The judge

---

[1] The record does not disclose why the order was extended for only a two-month time period rather than the presumptive one year.  See Singh v. Capuano, 468 Mass. 328, 334 (2014) (noting that orders after hearing on merits should ordinarily be for one year unless court finds lesser time is warranted).

extended the order for three months "to allow for the completion of whatever investigation is being conducted by the crime lab."

On April 25, 2024, the parties appeared for a hearing. A police detective initially gave testimony regarding the status of a case involving the parties. The detective explained that, in December 2023, prior to the last restraining order hearing, the police and the district attorney had a meeting with the plaintiff to inform her that the investigation was suspended and that they would not be going forward with a prosecution in the matter. Subsequently, the plaintiff requested a further extension of the order because she needed some time "to kind of process through this." The judge found, "based on the detective's representations and the passage of time since December," there was not a basis to extend the order.

Discussion. The plaintiff contends that the judge erred in not further extending the abuse prevention order because the order was necessary to protect her "from the impact of violence already inflicted." To obtain an extension of an abuse prevention order, the plaintiff bears the burden of showing by a preponderance of the evidence that the order is necessary to protect her from the likelihood of abuse. See Iamele v. Asselin, 444 Mass. 734, 739 (2005). "Typically, the inquiry will be whether the plaintiff has reasonable fear of imminent

3

serious physical harm" (quotation and citation omitted).  Id.
Where there has been past physical abuse, the inquiry is whether
the plaintiff is still suffering from that abuse and reasonably
remains in fear of the abuser.  See Yahna Y. v. Sylvester S., 97
Mass. App. Ct. 184, 187 (2020).  In determining whether the
plaintiff has met her burden, the judge is to view the totality
of the circumstances surrounding the parties' relationship.  See
G.B. v. C.A., 94 Mass. App. Ct. 389, 394 (2018).  A judge's
decision regarding the extension of an abuse prevention order is
reviewed for an abuse of discretion or other error of law.  See
Constance C. v. Raymond R., 101 Mass. App. Ct. 390, 394 (2022).

On appeal, the plaintiff essentially argues that the
evidence was sufficient for the judge to have found that she met
her burden, without entertaining the possibility that the judge
may not have credited the evidence presented.  See Noelle N. v.
Frasier F., 97 Mass. App. Ct. 660, 664 (2020) (according
credibility determinations of judge who heard testimony of
parties and observed demeanor "the utmost deference" [citation
omitted]).  The judge who terminated the order was the same one
who had extended the order after the initial two-party hearing.
She was in the best position to assess the parties and the
evidence and to determine whether the plaintiff had met her
burden based on the credible evidence presented.  We will not

4

disturb a judge's credibility determination on appeal.  See

Vanna V. v. Tanner T., 102 Mass. 549, 555 (2023).

The plaintiff suggests that the judge based her decision on the fact that the defendant had not violated the order in the eight months that it had been in effect.  Although the judge asked whether the plaintiff had seen the defendant or whether he had attempted to contact her since the order issued, the question was a proper inquiry to determine the totality of the circumstances.  See S.V. v. R.V., 94 Mass. App. Ct. 811, 814 n.4 (2019) (absence of violation of order not dispositive but factor judge could consider).  The plaintiff also criticizes the judge for basing her decision on the passage of time.  While consideration of the passage of time in isolation may not be appropriate, it is certainly a valid factor in the objective reasonableness of a plaintiff's stated emotional condition.  See id. at 812 (judge declined extension after order in effect for more than one year without incident, despite plaintiff's claim that she remained in fear due to initial incident).

Where the plaintiff testified that she sought an extension of the order because she needed time to process, the judge could well have determined that she had had sufficient time to process, given the nature of the initial incident and all of the

5

other surrounding circumstances.  We discern no abuse of discretion or error of law.

Order denying extension of G. L. c. 209A order affirmed.

By the Court (Blake, C.J., Desmond & Singh, JJ.[2]),

Clerk

Entered:  January 30, 2026.

---

[2] The panelists are listed in order of seniority.