NOTICE: Summary decisions issued by the Appeals Court pursuant to M.A.C. Rule 23.0, as appearing in 97 Mass. App. Ct. 1017 (2020) (formerly known as rule 1:28, as amended by 73 Mass. App. Ct. 1001 [2009]), are primarily directed to the parties and, therefore, may not fully address the facts of the case or the panel's decisional rationale. Moreover, such decisions are not circulated to the entire court and, therefore, represent only the views of the panel that decided the case. A summary decision pursuant to rule 23.0 or rule 1:28 issued after February 25, 2008, may be cited for its persuasive value but, because of the limitations noted above, not as binding precedent. See Chace v. Curran, 71 Mass. App. Ct. 258, 260 n.4 (2008).

COMMONWEALTH OF MASSACHUSETTS

APPEALS COURT

25-P-595

K.D.

vs.

C.D.

MEMORANDUM AND ORDER PURSUANT TO RULE 23.0

The plaintiff appeals from an abuse prevention order issued by a judge of the District Court after a two-party hearing with notice to both parties. See G. L. c. 209A, § 3. We affirm.

Background. The plaintiff and the defendant were married in 2016, and throughout the proceedings here, they remained married but had been living apart. They have one child together.[1] On January 15, 2025, the plaintiff applied for an abuse prevention order against the defendant, and after a hearing, the judge issued the order ex parte. After a two-party hearing, with notice to both parties, on February 13, 2025, the

---

[1] When the initial order issued in January 2025, the child was seven years old.

judge extended the order for one year. Among other things, the order required the defendant not to abuse the plaintiff, to stay away from her, and to have no contact with her. The order also granted custody of the child to the plaintiff and prohibited the defendant from contacting the child.

The defendant filed a timely notice of appeal. Approximately thirty days later, the judge modified the order to allow FaceTime contact between the child and the defendant. After that, a judge of the Probate and Family Court modified the order to allow the defendant to have parenting time with the child. See G. L. c. 209A, § 3.

Discussion. A plaintiff seeking an extension of an abuse prevention order bears the burden of proving by a preponderance of the evidence that they are suffering from abuse. See Noelle N. v. Frasier F., 97 Mass. App. Ct. 660, 664 (2020). Chapter 209A defines "abuse" as "(a) attempting to cause or causing physical harm; (b) placing another in fear of imminent serious physical harm; (c) causing another to engage involuntarily in sexual relations by force, threat or duress; [or] (d) coercive control." G. L. c. 209A, § 1. "We review the extension of a c. 209A order 'for an abuse of discretion or other error of law.'" Latoya L. v. Kai K., 104 Mass. App. Ct. 173, 177 (2024), quoting Constance C. v. Raymond R., 101 Mass. App. Ct. 390, 394 (2022). "[W]e will not substitute our judgment for that of the

2

trier of fact.  We do, however, scrutinize without deference the propriety of the legal criteria employed by the trial judge and the manner in which those criteria were applied to the facts." Calliope C. v. Yanni Y., 103 Mass. App. Ct. 722, 725 (2024), quoting Commonwealth v. Boucher, 438 Mass. 274, 276 (2002).  In conducting our review, "[w]e accord the credibility determinations of the judge who heard the testimony of the parties . . . [and] observed their demeanor . . . the utmost deference" (quotation omitted).  Noelle N., 97 Mass. App. Ct. at 664, quoting Yahna Y. v. Sylvester S., 97 Mass. App. Ct. 184, 185 (2020).

At the two-party hearing, the plaintiff testified that the defendant had physically abused her in the past, most recently at a family gathering in 2023; that she had not reported the incident to the police because she was too afraid to do so; and that based on the past violence, she remained afraid of the defendant.  Although the defendant painted a very different picture of the parties' relationship and categorically denied that he ever physically abused the plaintiff, the judge made clear findings on the record crediting the plaintiff's testimony about the defendant's "history of violence" toward her and her resulting and ongoing fear.  We defer to the judge's credibility assessments.  See Noelle N., 97 Mass. App. Ct. at 664.

We are not persuaded by the defendant's argument that the judge failed to make a "discerning appraisal of the continued need for an abuse prevention order." Callahan v. Callahan, 85 Mass. App. Ct. 369, 374 (2014). This is particularly true where the transcript reflects that the judge not only heard evidence of the parties' history of domestic violence, but also reviewed affidavits from both parties and exhibits submitted by the defendant: in the plaintiff's affidavit, she described instances of physical abuse consistent with her testimony, as well as a situation where the defendant had "recently" caused her distress by failing to return either of the child's passports to her after traveling with the child;[2] the defendant's affidavit and exhibits included his explanation for his failure to return the child's passports and his denials of any abuse. "[W]e are confident that [the judge] considered the totality of the conditions at the time of the requested extension." S.V. v. R.V., 94 Mass. App. Ct. 811, 814 (2019). It is certainly true that the judge "was not bound to" extend the order in this case, but we discern no abuse of discretion in his decision to do so.[3] See G. L. c. 209A, § 1; Callahan, supra.

---

[2] The defendant said he lost the child's Brazilian passport and did not immediately return the United States passport to the plaintiff.

[3] Because we conclude that the record supported the judge's finding of abuse defined as "attempting to cause or causing

4

The defendant's argument that the plaintiff provided no corroborating evidence to support her testimony that she suffered past abuse misses the mark; testimony alone is sufficient for persons seeking an abuse prevention order to meet their burden of proof. See Commonwealth v. Gonzalez Santos, 100 Mass. App. Ct. 1, 3 (2021) (rejecting "contention that corroborative, extrinsic, or forensic evidence, or expert or third-party witness testimony, is required to support a conviction of rape or sexual assault where the victim testified as a witness at the trial").

The defendant also argues that the judge abused his discretion by granting temporary custody of the child to the plaintiff and prohibiting the defendant from having contact with the child. Assuming without deciding that the defendant's challenge to this portion of the order is not moot,[4] we are not persuaded. Although the plaintiff testified that she did not believe that the defendant would harm the child "at the moment," she also testified that the child knew and spoke to her about

---

physical harm," we do not reach the defendant's challenge to the plaintiff's showing of a reasonable fear of imminent serious physical harm. See G. L. c. 209A, § 1.

[4] As we have noted, the District Court judge's order was later modified by a judge of the Probate and Family Court to allow the parties to communicate about the child and "to exchange [the] child" at a specific location.

5

the "violence" caused by the defendant at the plaintiff's house. Because "children who experience domestic violence 'suffer deep and profound harms,'" one parent's violence "against another parent may support the issuance of a c. 209A order . . . prohibiting the abuser from having contact with the child." Schechter v. Schechter, 88 Mass. App. Ct. 239, 252 (2015), quoting Opinion of the Justices, 427 Mass. 1201, 1203 (1998). The judge's oral findings reflect his belief that the child had witnessed the defendant's "violence" and that no contact with the defendant "would be the best for the child," subject to any later orders of the Probate and Family Court. We find no support in the record for the defendant's claim that the judge failed to give proper consideration to the relationship between the defendant and the child, and we decline to disturb the judge's order on that basis.

<u>Order extending G. L. c. 209A order, entered February 13, 2025, affirmed</u>.

By the Court (Henry, Hand & Allen, JJ.[5]),

_Paul Little_

Clerk

Entered: March 31, 2026.

---

[5] The panelists are listed in order of seniority.